IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARKAY GARCIA, | § | |
| *Plaintiff*, | § § § | |
| vs. | § § | 5-24-CV-01099-JKP-RBF |
| NORTHSIDE INDEPENDENT SCHOOL DISTRICT, KYLE KENNEDY, JOSEPH GARCIA, | § § § § § | |
| *Defendants*. | § § | |

## JOINT DISCOVERY / CASE MANAGEMENT PLAN

TO THE HONORABLE RICHARD B. FARRER, UNITED STATES MAGISTRATE JUDGE:

The parties held their Rule 26(f) Conference on Thursday, November 21, 2024 via Zoom. Counsel in attendance for Plaintiff were Mr. Fidel Rodriguez, Jr., Mr. Fidel "Tres" Rodriguez, III, Mr. Thad Spalding, Mr. Brian Dennis, and Ms. Meagan Gillette; counsel in attendance for Defendants were Mr. Craig Wood and Ms. Katie Payne. Since that time, the parties have circulated and provided input on the following questions, pursuant to Paragraph B of the Court's October 30, 2024 Order (Dkt. No. 6). Both parties answers to those questions are as follows:

1. **What is the basis for subject-matter jurisdiction? Are there any outstanding jurisdictional issues? For cases premised on diversity jurisdiction, provide the citizenship of each party and explain whether or not the parties agree that the amount in controversy exceeds $75,000. For removal cases, explain whether the parties agree that the amount in controversy exceeded $75,000 *at the time of removal*. If there is any disagreement on these issues, each party should state its respective position.**

    This case was brought pursuant to 42 U.S.C. § 1983. Accordingly, this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should any unserved parties be dismissed?**

    No, there are no unserved parties. All three defendants waived service of the summons.

1

See Dkt. No. 4. Defendants' deadline to answer or otherwise respond to the Original Complaint is December 2, 2024. On November 13, 2024, Defendants advised Plaintiff that they intend to file a Rule 12(b)(6) Motion to Dismiss; on November 20, 2024, Plaintiff filed an advisory with the Court stating that it intends to amend its Original Complaint [Dkt. No. 1] pursuant to the Standing Order in Civil Cases Assigned to Judge Jason Pulliam [Dkt. No. 3]; and Plaintiff filed the First Amended Complaint on November 27, 2024 [Dkt. No. 9].

3. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

   A. *Causes of Action.*

      1. *Against Defendant Kennedy under 42 U.S.C. § 1983 for Violation of Garcia's Fourth Amendment Constitutional Right to be Free from Excessive force.*

         To prevail on an excessive force claim, a plaintiff must establish:

         (1) an injury,
         (2) that resulted directly from an officer's use of force, and
         (3) that the force used was 'objectively unreasonable.

         *Aguirre v. City of San Antonio,* 995 F.3d 395, 406 (5th Cir. 2021) (citing *Flores v. City of Palacios,* 381 F.3d 391, 396 (5th Cir. 2004)).

         Defendant Kennedy will assert his qualified immunity from suit.

         "Qualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan,* 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009). The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)).

      2. *Against Defendants Kennedy and Garcia under 42 U.S.C § 1983 for Violation of Plaintiff Garcia's Fourth Amendment Constitutional Protection from Unreasonable Searches and Seizures.*

         To prevail on an unreasonable search and seizure claim, the plaintiff must prove that at the moment of the arrest or seizure, there was no probable cause for the defendants to reasonably believe that a crime had been or was being committed. *See, e.g., Jones v. Perez,* 790 F. App'x 576, 580 (5th Cir. 2019).

Defendants Kennedy and Garcia will assert their qualified immunity from suit.

"Qualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan,* 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009). The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)).

3. *Against Defendant Garcia for Failing to Intervene to Stop Defendant KENNEDY's Use of Excessive, Deadly Force.*

    **Bystander liability.** To prevail on a claim of bystander liability, the plaintiff must prove (1) the by-standing officer knew that a fellow officer was violating an individual's constitutional rights, and (2) the officer had a reasonable opportunity to prevent the violation, but chose not to act. *Hamilton v. Kindred*, 845 F.3d 659, 663 (5th Cir. 2017) (citing *Hale v. Townley*, 45 F.3d 914, 918 (5th Cir. 1995).

    **Supervisor liability.** To prevail on a claim of supervisor liability for constitutional violations committed by subordinate employees, a plaintiff must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates. *Ford v. Anderson Cnty., Tex.*, 102 F.4th 292, 321 (5th Cir. 2024)

    Defendant Kennedy will assert his qualified immunity from suit.

    "Qualified immunity is an immunity from suit rather than a mere defense to liability." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009). The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)).

4. *Against Defendant Northside Independent School District (NISD) for Failing to Train, Supervise, and Discipline Defendants KENNEDY and GARCIA.*

    Generally speaking, NISD is liable based on its official policy or custom of which policymakers had actual or constructive knowledge and that was a moving force behind the constitutional violations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). More specifically,

3

> ***a. Training.*** To establish liability under a failure to train theory, Plaintiff must show:
>
>> (1) inadequate training procedures;
>> (2) inadequate training caused the police officer to use excessive force; and
>> (3) the deliberate indifference of municipal policymakers.
>
> *Piñeda v. City of Houston*, 291 F.3d 325, 331–32 (5th Cir. 2002).
>
> ***b. Supervision/Discipline.***
>
>> Policymakers who fail to supervise and to discipline their police officers, acting with deliberate indifference to the citizen's rights, can create municipal liability if the lack of supervision then causes of deprivation of rights. *Milam v. City of San Antonio,* 113 F. App'x 622, 628 (5th Cir. 2004). While the policymaker's response to an incident may not, itself, cause the injury, the response provides evidence of the content of a municipality's policies. *Id.* Said another way, the failure to take disciplinary action in response to an improper use of force, when combined with other evidence, could tend to support an inference that there was a preexisting de facto policy of allowing officers to use illegal force—the policymaker did not discipline the employee because, in the policymaker's eyes, the employee's illegal conduct actually conformed with municipal policy. *See id.*

B. *Defense – Qualified Immunity.*

> The doctrine of qualified immunity is an affirmative defense, and theoretically exists to protect officers from liability for civil damages where the officer's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Aguirre*, 995 F.3d at 406; *Darden v. City of Fort Worth,* 880 F.3d 722, 727 (5th Cir. 2018). To determine whether qualified immunity applies, courts consider: (1) whether the facts show that the officer's conduct violated a federal right; and (2) whether the right in question was "clearly established" at the time of the violation. *Darden,* 880 F.3d at 727.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

Not at this time.

4

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

   **(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

   Since Defendants have indicated that they intend to file motions to dismiss, the parties believe disclosures under Rule 26(f) should be made within 30 days of the Court's ruling on Defendants Kennedy and Garcia's anticipated Motions to Dismiss.

   Plaintiff contends that disclosures by NISD, which is not entitled to qualified immunity, would be appropriate once the motions to dismiss are resolved by this Court, regardless of any appeal by the individual officers.

   Defendants contend that no disclosures would be appropriate if Defendants Kennedy and Garcia exercise their right to an interlocutory appeal, because discovery may not proceed against a *Monell* defendant like NISD while the qualified immunity issue has not been resolved as to other defendants. *Carswell v. Camp,* 54 F.4th 307, 313 (5th Cir. 2022) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 685-86 (2009)).

   **(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

   Plaintiff expects Defendants to request a stay of discovery until after the Court rules on Defendants' Motion to Dismiss which is based on the affirmative defense of Qualified Immunity or request a stay of the case pending the outcome of the criminal case against Defendant Kennedy.

   Defendants assert that no discovery may take place until the Court has ruled on the individual defendants' motions to dismiss which assert their qualified immunity, pursuant to *Carswell v. Camp,* 54 F.4th 307, 313 (5th Cir. 2022), *cert. denied,* 144 S. Ct. 73 (2023). Defendants may also request a stay of the case pending the outcome of any related criminal matters.

   Once the Motion to Dismiss is decided, the parties believe discovery will be needed on each element of Plaintiff's asserted causes of action and Defendants' asserted defenses.

   Plaintiff acknowledges that discovery from the individual officers is limited by *Carswell* until their motions to dismiss are resolved. However, Plaintiff believes that at least written discovery and document disclosures and production from NISD are appropriate and not prohibited by *Carswell*

pending the resolution of the individual officers' qualified immunity defense on any subsequent appeal and Plaintiff believes that discovery should be completed according to a proposed Scheduling Order that Plaintiff has prepared and will submit to the Court. *See Carswell,* 54 F.4th at 313-14 (refusing to allow discovery where district court refused to rule on motions to dismiss and allowed plaintiff to conduct depositions of officers in *Monell*/official capacity that would place "heavy costs" and "unreasonable burden" of discovery on individual defendants).

Defendants assert that Plaintiff has mis-stated *Carswell,* which overturned a district court's scheduling order that "would have allowed [the plaintiff] to proceed with discovery on her *Monell* claim" while the qualified immunity of other defendants had not yet been resolved. *Carswell* clarified that *Iqbal* "squarely forecloses" allowing discovery to proceed as to the officials asserting qualified immunity "while pretrial proceedings continue for other defendants." 54 F.4th at 313. "It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [Officers Kennedy and Garcia] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if [Kennedy and Garcia] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." *Id.* (citing *Iqbal,* 556 U.S. at 685-86, 129 S. Ct. 1937).

**(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The incident giving rise to Plaintiff's claims occurred on October 28, 2023. On November 16, 2023, Plaintiff's counsel sent Defendant NISD a request to preserve thirteen categories of items and tangible things relevant to Plaintiff's claims, including all surveillance video, unedited and without redactions, audio/video dash camera footage, audio recordings of emergency calls, witness audio and video statements. The notice also included a request to view the surveillance video of the incident; that request was declined.

Electronically stored information relevant to this case includes audio and video recordings of the incident giving rise to Plaintiff's claims which is in Defendants' possession. Plaintiff will seek the production of such recordings in their native, unaltered, unedited state. Plaintiff also anticipates requesting by subpoena the investigation files of the San Antonio Police Department and any Internal Affairs Department.

The parties believe they will be able to come to agreement on the identification and production of electronically stored information.

Plaintiff acknowledges that discovery from the individual officers is limited

by *Carswell* until their motions to dismiss are resolved. However, Plaintiff believes that at least written discovery and document disclosures and production from NISD are appropriate and not prohibited pending the resolution of the individual officers' qualified immunity defense on any subsequent appeal. *See Carswell,* 54 F.4th at 313-14 (refusing to allow discovery where district court refused to rule on motions to dismiss and allowed plaintiff to conduct depositions of officers in *Monell*/official capacity that would place "heavy costs" and "unreasonable burden" of discovery on individual defendants).

Defendants assert that Plaintiff has mis-stated *Carswell,* which overturned a district court's scheduling order that "would have allowed [the plaintiff] to proceed with discovery on her *Monell* claim" while the qualified immunity of other defendants had not yet been resolved. *Carswell* clarified that *Iqbal* "squarely forecloses" allowing discovery to proceed as to the officials asserting qualified immunity "while pretrial proceedings continue for other defendants." 54 F.4th at 313. "It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [Officers Kennedy and Garcia] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if [Kennedy and Garcia] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." *Id.* (citing *Iqbal,* 556 U.S. at 685-86, 129 S. Ct. 1937). Defendants may also request a stay of the case pending the outcome of any related criminal matters.

**(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The parties believe Rule 26(b)(5)(B) adequately addresses the procedure to assert claims of privilege or of protection as trial-preparation materials after production.

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

The parties do not believe any changes should be made in the limitations on discovery imposed under the Federal Rules or the Local Court Rules.

**(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties will be asking the Court to enter a Protective Order under Rule 26(c) in the format published by the Western District of Texas, which

7

will address the use of Confidential and/or Attorneys' Eyes Only discovery material.

6. **What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has been conducted thus far.

Plaintiff acknowledges that discovery from the individual officers is limited by *Carswell* until their motions to dismiss are resolved. However, Plaintiff believes that at least written discovery and document disclosures and production from NISD are appropriate and not prohibited pending the resolution of the individual officers' qualified immunity defense on any subsequent appeal. *See Carswell,* 54 F.4th at 313-14 (refusing to allow discovery where district court refused to rule on motions to dismiss and allowed plaintiff to conduct depositions of officers in *Monell*/official capacity that would place "heavy costs" and "unreasonable burden" of discovery on individual defendants).

Defendants assert that Plaintiff has mis-stated *Carswell,* which overturned a district court's scheduling order that "would have allowed [the plaintiff] to proceed with discovery on her *Monell* claim" while the qualified immunity of other defendants had not yet been resolved. *Carswell* clarified that *Iqbal* "squarely forecloses" allowing discovery to proceed as to the officials asserting qualified immunity "while pretrial proceedings continue for other defendants." 54 F.4th at 313. "It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [Officers Kennedy and Garcia] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if [Kennedy and Garcia] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." *Id.* (citing *Iqbal,* 556 U.S. at 685-86, 129 S. Ct. 1937). Defendants may also request a stay of the case pending the outcome of any related criminal matters.

Ultimately, discovery to be conducted includes: Initial Disclosures; Requests for Production; Interrogatories; Expert Disclosures; and Depositions of defendants and their experts, as well as several witnesses. The parties do not believe it is necessary to conduct discovery in phases.

7. **If a Rule 30(b)(6) deposition is anticipated, have the parties discussed potential topics for the deposition?**

Plaintiff anticipates needing the deposition of NISD's personnel and/or corporate representative responsible for policymaking regarding the NISD's training, supervising, and disciplining of its police officers.

8. **What, if any, discovery disputes exist or are anticipated?**

Plaintiff anticipates Defendants may resist producing items and tangible things

contained in its investigative file, including any video footage in their possession of the incident made the basis of this litigation, e.g., body-worn camera footage or surveillance footage from the facility. The parties will endeavor to work through disagreements regarding discovery and will take up discovery disputes with the Court only as absolutely necessary.

Plaintiff acknowledges that discovery from the individual officers is limited by *Carswell* until their motions to dismiss are resolved. However, Plaintiff believes that at least written discovery and document disclosures and production from NISD are appropriate and not prohibited pending the resolution of the individual officers' qualified immunity defense on any subsequent appeal. *See Carswell,* 54 F.4th at 313-14 (refusing to allow discovery where district court refused to rule on motions to dismiss and allowed plaintiff to conduct depositions of officers in *Monell*/official capacity that would place "heavy costs" and "unreasonable burden" of discovery on individual defendants).

Defendants assert that Plaintiff has mis-stated *Carswell,* which overturned a district court's scheduling order that "would have allowed [the plaintiff] to proceed with discovery on her *Monell* claim" while the qualified immunity of other defendants had not yet been resolved. *Carswell* clarified that *Iqbal* "squarely forecloses" allowing discovery to proceed as to the officials asserting qualified immunity "while pretrial proceedings continue for other defendants." 54 F.4th at 313. "It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [Officers Kennedy and Garcia] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if [Kennedy and Garcia] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." *Id.* (citing *Iqbal,* 556 U.S. at 685-86, 129 S.Ct. 1937). Defendants may also request a stay of the case pending the outcome of any related criminal matters. Defendants may also request a stay of the case pending the outcome of any related criminal matters.

9. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

   The parties do not believe an order under Rule 502 of the Federal Rules of Evidence is necessary at this time.

10. **Have the parties discussed mediation? Is this a case that could be mediated early and effectively with limited discovery? If so, what discovery is essential to any early mediation and how could it be structured to streamline an early mediation?**

    The parties have not discussed mediation.

Dated: November 29, 2024.

Respectfully submitted,

RODRIGUEZ TRIAL LAW
231 W. Cypress St.
San Antonio, Texas 78212
Telephone: (210) 777-5555
Fax: (210) 224-0533

BY: */s/ Fidel Rodrguez, Jr.*
    Fidel Rodriguez, Jr.
    Texas Bar No. 17145500
    fidel@fidrodlaw.com
    Fidel Rodriguez, III
    State Bar No. 24081924
    tres@fidrodlaw.com

SYLVAN S. LANG, JR.
State Bar No. 11898700
Brian M. Dennis
State Bar No. 24039970
brian@langfirm.com
Meagan M. Gillette
State Bar No. 24050659
meagan@langfirm.com
LANG LAW FIRM, P.C.
Northwest Atrium
11550 IH-10 West, Ste. 273
San Antonio, Texas 78230
Telephone: (210) 783-0322
Fax: (210) 479-0099

Thad D. Spalding
State Bar No. 00791708
tspalding@dpslawgroup.com
Shelby J. White
State Bar No. 24084086
swhite@dpslawgroup.com
DURHAM, PITTARD
    & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
Telephone: (214) 946-8000
Fax: (214) 946-8433

*ATTORNEYS FOR PLAINTIFF*

and

*/s/ Katie E. Payne (by permission)*
Katie E. Payne
State Bar No. 24071347
E-Mail: kpayne@wabsa.com

D. Craig Wood
State Bar No. 21888700
E-Mail: cwood@wabsa.com
Attorney in Charge for Defendants

**WALSH GALLEGOS**
**KYLE ROBINSON & ROALSON P.C.**
1020 NE Loop 410, Suite 450
San Antonio, Texas 78209
Telephone: (210) 979-6633
Facsimile: (210) 979-7024

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on **November 29, 2024**, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing ("ECF") system of the Court. The following counsel of record were served via electronic service through the ECF system.

    D. Craig Wood, cwood@wabsa.com
    Katie E. Payne, kpayne@wabsa.com
    **WALSH GALLEGOS KYLE ROBINSON & ROALSON P.C.**
    1020 NE Loop 410, Suite 450
    San Antonio, Texas 78209
    *Attorneys for Defendants*

*/s/ Thad D. Spalding*
Thad D. Spalding