IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARKAY GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | 5-24-CV-01099-JKP-RBF |
| | § | |
| NORTHSIDE INDEPENDENT SCHOOL | § | |
| DISTRICT, KYLE KENNEDY, and JOSEPH | § | |
| GARCIA, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S SCHEDULING RECOMMENDATIONS

TO THE HONORABLE RICHARD B. FARRER, UNITED STATES MAGISTRATE JUDGE:

Plaintiff recommends that the following deadlines be entered in the Scheduling Order to control the course of this case. Defendants do not join in these recommendations because they believe that any scheduling recommendations are premature given their position that no discovery is appropriate until the Defendants' motions to dismiss are filed and resolved, including any subsequent appeal. The parties' positions on discovery are set out in the parties' Joint Discovery / Case Management Plan (Doc. 10), in answer to questions 5(A) and (B), and restated below in response to Paragraph 13.

1. Parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. Parties asserting claims for relief may submit a written offer of settlement to opposing parties on or before **February 14, 2025** *[Generally, 60 days from date of this order]*, and each opposing party may respond, in writing on or before **February 28, 2025** *[Generally, 14 days after receipt of the offer of settlement]*. All offers of settlement are to be private, not filed. The parties shall retain the written offers of settlement and response, as the Court

will use these in assessing attorneys' fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

3. On or before **February 14, 2025** *[Generally, 60 days from date of this order]*, the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is **February 14, 2025** *[Generally, 60 days from date of this order]*.

4. Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before **March 16, 2025** *[Generally, 90 days from date of this order]*.

5. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before **April 15, 2025** *[Generally, 120 days from date of this order]*.

6. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

7. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

8. Parties shall initiate all discovery procedures in time to complete discovery on or before **June 16, 2025** *[Generally, 180 days from date of this order]*. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. See Local Rule CV-16. Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. See Local Rule CV-7.

9. The parties shall complete ADR in compliance with Rule CV-88 on or before _____ *[ADR proceedings must be completed not later than 60 days before the date of the trial setting. The parties need not await the setting of a trial date to engage in ADR proceedings]*. A motion objecting to ADR may be filed not later than 60 days before that deadline.

10. On or before **July 1, 2025** *[Generally, 15 days after the discovery deadline]*, the parties shall file any Daubert motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

11. On or before **July 31, 2025** *[Generally, 45 days after the discovery deadline]*, parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

12. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

13. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on November 21, 2024, and the parties have disagreed as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order:

    a. Since Defendants have indicated that they intend to file motions to dismiss, the parties believe disclosures under Rule 26(f) should be made within 30 days of the Court's ruling on Defendants Kennedy and Garcia's anticipated Motions to Dismiss.

    b. Plaintiff contends that disclosures by NISD, which is not entitled to qualified immunity, would be appropriate once the motions to dismiss are resolved by this Court, regardless of any appeal by the individual officers.

    c. Defendants contend that no disclosures would be appropriate if Defendants Kennedy and Garcia exercise their right to an interlocutory appeal, because discovery may not proceed against a *Monell* defendant like NISD while the qualified immunity issue has not been resolved as to other defendants. *Carswell v. Camp*, 54 F.4th 307, 313 (5th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)).

    d. Further, Plaintiff expects Defendants to request a stay of discovery until after the Court rules on Defendants' Motion to Dismiss which is based on the affirmative defense of Qualified Immunity or request a stay of the case pending the outcome of the criminal case against Defendant Kennedy.

December 2, 2024.                              Respectfully submitted,

                                               By: */s/ Meagan M. Gillette*
                                                   Fidel Rodriguez, Jr.

        State Bar No. 17145500
        fidel@fidrodlaw.com
        Fidel Rodriguez, III
        State Bar No. 24081924
        tres@fidrodlaw.com
        RODRIGUEZ TRIAL LAW
        231 W. Cypress St.
        San Antonio, TX 78212
        (210) 777-5555 - Office
        (214) 224-0533 - Facsimile

        Sylvan Stephen Lang, Jr.
        State Bar No. 11898700
        sylvan@langfirm.com
        Brian M. Dennis
        State Bar No. 24039970
        brian@langfirm.com
        Meagan McKenney Gillette
        State Bar No. 24050659
        meagan@langfirm.com
        LANG LAW FIRM, PC
        11550 IH-10 West, Suite 273
        San Antonio, Texas 78230
        (210) 479-8899 - Office
        (210) 479-0099 - Facsimile

        Thad D. Spalding
        State Bar No. 00791708
        tspalding@dpslawgroup.com
        Shelby Jean White
        State Bar No. 24084086
        swhite@dpslawgroup.com
        DURHAM, PITTARD & SPALDING LLP
        2223 W. Jefferson Blvd
        Dallas, Texas 75208
        (214) 946-8000 - Office
        (214) 946-8433 - Facsimile

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

     I hereby certify that on December 2, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of