IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARKAY GARCIA, | § § § | |
| *Plaintiff*, | § § | 5:24-CV-01099-JKP-RBF |
| vs. | § § § | |
| NORTHSIDE INDEPENDENT SCHOOL DISTRICT, KYLE KENNEDY, JOSEPH GARCIA, | § § § § § | |
| *Defendants*. | § § | |

## ORDER IMPOSING STAY AND ADMINISTRATIVE CLOSURE

Before the Court is the status of this case. The District Court referred for resolution all non-dispositive pre-trial matters, pursuant to Western District of Texas Local Rule CV-72 and Appendix C, *see* Dkt. No. 5. On December 11, 2024, the Court held an Initial Pretrial Conference, where counsel for the individual Defendants represented an intent to file a Motion to Dismiss on the basis of qualified immunity. Defendants requested that all discovery be stayed until a ruling is made by the District Court on the soon-to-be-filed Motion to Dismiss. Plaintiff did not oppose the requested stay, which the Court will accordingly grant.

**IT IS THEREFORE ORDERED THAT** all proceedings in this case are **STAYED** pending disposition of the forthcoming Motion to Dismiss by the District Court.

**IT IS FURTHER ORDERED** that within 14 days after the docket entry of an order denying any part of the Motion to Dismiss, the parties shall file a motion requesting entry of a scheduling order and attaching as an exhibit their joint scheduling recommendations.

Moreover, given the anticipated length of the stay, the Court concludes that this case is appropriate for administrative closure. *See CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250

(5th Cir. 2006); *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (explaining how courts use this device to remove inactive cases from their pending dockets and "[t]he effect of an administrative closure is no different from a simple stay").

The Clerk's office is therefore **DIRECTED** to administratively close this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request by any party or on the Court's own motion. *See Mire*, 389 F.3d at 167.

The stay does not include the anticipated Motion to Dismiss and any associated responses and replies; those matters—notwithstanding the stay—should be filed with the Court according to the currently applicable deadlines. In addition, the parties may file documents and motions in the case despite the stay and administrative closure, including motions requesting relief from the aforementioned deadlines. The parties are advised that although discovery is stayed, they are expected to retain or preserve all discoverable information and information that may lead to discoverable information, whether stored electronically or otherwise. *See, e.g.*, Fed. R. Civ. P. 37 (e).

**In particular, the Court is concerned that video evidence and other electronically stored information subject to discovery might become unavailable due to the passage of time during the pendency of the Motion to Dismiss. The parties are specifically advised that the loss of, or failure to preserve or retain, such information, including any such information that might be stored on private cell phones, can result in severe discovery sanctions. In short, a delay in the discovery process attributable to the pendency of a motion to dismiss on qualified immunity shall not serve as a valid excuse for any failure to preserve or retain discoverable information or information that may lead to discoverable**

information. Finally, given this warning and any other relevant facts or events in the case, such a failure to preserve or retain may result in a finding that the failure was motivated by an "intent to deprive another party of the information's use in the litigation" triggering an award of the relief outlined in Rule 37(e)(2) *Id*.

**IT IS SO ORDERED.**

SIGNED this 12th day of December, 2024.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE