# Exhibit 1

| From: | Katie Payne |
|---|---|
| To: | Fidel Rodriguez, Jr.; Sylvan Lang, Jr.; Thad Spalding |
| Cc: | Craig Wood; Triza Delgado; Veronica Solis |
| Subject: | NISD/Garcia, Markay (Fed) |
| Date: | Wednesday, November 13, 2024 5:28:38 PM |
| Attachments: | image001.png |
| | Dkt 03 Judge Pulliam"s Standing Order.pdf |

 **IRONSCALES couldn't recognize this email as this is the first time you received an email from this sender kpayne@wabsa.com**

Good afternoon counsel,

Please allow this email to serve as notice that Defendants intend to file a FRCP 12(b)(6) motion to dismiss Plaintiff's Original Complaint, as required by Judge Pulliam's Standing Order, which is attached to this email.

Defendants respectfully assert that Plaintiff's Original Complaint is deficient as she has failed to state a claim against Defendant Kennedy for excessive force by failing to allege facts demonstrating a violation of her constitutional rights where she refused at least two lawful orders issued in the context of traffic control, attempted to drive around an officer that had stepped in front of her vehicle and between it and a pedestrian crosswalk and where she then drove forward while Defendant Garcia's body was inside Plaintiff's vehicle. Defendant Kennedy retains his qualified immunity from suit because Plaintiff has failed to show that he violated her clearly established right of which a reasonable person would have known at the requisite level of specificity for excessive use of force.

Plaintiff's Original Complaint also fails to state a claim against Defendant Kennedy or Defendant Garcia for unreasonable search and seizure. The Complaint fails to allege facts showing a search occurred. In addition, under the facts alleged in Plaintiff's Original Complaint, a reasonable officer could have concluded that Plaintiff violated Texas Transportation Code § 542.501, which provides that a "person may not willfully fail or refuse to comply with a lawful order or direction of: (1) a police officer[.]" Tex. Transp. Code § 542.501. The brief traffic stop was justified by the police-observed traffic violation(s) committed by Plaintiff and once a vehicle has been lawfully detained for a traffic violation, police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable seizures. Defendants Kennedy and Garcia retain their qualified immunity from suit because Plaintiff has failed to show that either officer violated her clearly established right of which a reasonable person would have known.

Plaintiff's Original Complaint also fails to state a claim against Defendant Garcia for bystander liability for Defendant Kennedy's alleged excessive use of force. Taking Plaintiff's allegations as true, she has failed to show that Garcia knew that Kennedy was violating her rights, that he had a reasonable opportunity to prevent the harm, or that he chose not to

act. Her pleading is furthermore deficient in that it fails to show that Garcia acquiesced in the alleged constitutional violation, nor that he had a constitutional duty to intervene. Defendant Garcia retains his qualified immunity from suit because Plaintiff has failed to show that he acted objectively unreasonable in light of clearly established law.

Plaintiff's Original Complaint also fails to state a claim against Defendant Northside ISD, in the first instance because it fails to state a claim for underlying constitutional violation, and also because she has failed to state a claim for municipal liability under either her failure to train/supervise/discipline or unconstitutional hiring theories. Plaintiff's allegations fail to show that an official policy or custom was the moving force behind her alleged constitutional violation, nor that the policymaker for the District adopted such policy or custom with deliberate indifference to Plaintiff's constitutional rights, nor that a causal link exists between the failure to train/supervise or unconstitutional hiring and the alleged violation of her rights.

Please also be advised that Plaintiff has the right to amend her complaint under the procedures specified in Judge Pulliam's Standing Order (attached). If Plaintiff intends to amend her pleading, she must file an Advisory with the Court within 7 days of this notice email. Then, the Amended Complaint must be filed within 7 days of the filing date of the Advisory.

Thank you,



KATIE PAYNE

ATTORNEY | SHAREHOLDER | LICENSED IN TX



210.979.6633     WalshGallegos.com
1020 NE Loop 410, Suite 450, San Antonio, Texas 78209

CONFIDENTIALITY NOTICE: This email & attached documents may contain confidential information. All information is intended only for the use of the named recipient. If you are not the named recipient, you are not authorized to read, disclose, copy, distribute or take any action in reliance on the information and any action other than immediate delivery to the named recipient is strictly prohibited. If you have received this email in error, do not read the information and please immediately notify sender by telephone to arrange for a return of the original documents. If you are the named recipient you are not authorized to reveal any of this information to any other unauthorized person. If you did not receive all pages listed or if pages are not legible, please immediately notify sender by phone.