IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARKAY GARCIA,<br>    Plaintiff, | § § § | |
| vs. | § § | 5:24-CV-01099-JKP-RBF |
| NORTHSIDE INDEPENDENT<br>SCHOOL DISTRICT, KYLE<br>KENNEDY, and JOSEPH GARCIA,<br>    Defendants. | § § § § § | JURY DEMAND |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Northside Independent School District ("NISD" or "the District"), Kyle Kennedy and Joseph Garcia file this Reply to Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint and respectfully show the Court as follows:

## I.    SUMMARY OF THE ARGUMENT

1. Plaintiff Markay Garcia failed to adequately address and respond to Defendants' arguments asserted in their Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff contradicted the facts alleged in her own First Amended Complaint, abandoned her ratification claim, and failed to adequately state a claim for relief against NISD and both individually named officers. Accordingly, Plaintiff's First Amendment Complaint should be dismissed in its entirety.

## II.    ARGUMENT

### A. Plaintiff failed to adequately respond to the Officers' qualified immunity defense.

2. In their Motion to Dismiss, Kennedy and Garcia invoked their defense of qualified immunity. "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021). "[A] plaintiff asserting

constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without any discovery." *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). To survive the motion to dismiss stage, Plaintiff must have pled and pointed to specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Here, Plaintiff's Response failed to point to specific facts showing that either Officer Kennedy or Garcia 1. violated a statutory or constitutional right; and 2. that the right was clearly established at the time of the alleged conduct by the officers. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). "[T]he burden is heavy: A right is clearly established only if relevant precedent 'has placed the ... constitutional question beyond debate.'" *Morrow v. Meachum,* 917 F.3d 870, 874 (5th Cir. 2019).

    **B. Plaintiff failed to adequately respond to Defendants' motion to dismiss her Fourth Amendment use of force claim against Officer Kennedy.**

3.    Plaintiff failed to meet her burden of overcoming Kennedy's qualified immunity with respect to her use of force claim. Plaintiff argues that "Defendants tellingly do not question whether Plaintiff's complaint adequately addresses the clearly established prong" in her claim against Officer Kennedy for use of force. ECF No. 17 at p. 6. However, as stated above, once a qualified immunity defense is raised, the burden shifts to plaintiff to show how the defense does not apply. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). In addition to the arguments provided in Defendants' Motion to Dismiss, Plaintiff's claim should be dismissed because she failed to provide existing precedent showing that Officer Kennedy's alleged conduct violated a clearly established right. The clearly established inquiry is demanding, especially in claims for excessive force." *Harmon v. City of Arlington*, 16 F.4th 1159, 1167 (5th Cir. 2021) (citing *Morrow v. Meachum*, 9d17 F.3d 870, 874 (5th Cir. 2019)). Such claims often involve officers' "mak[ing] split-second decisions" and "[t]he results depend 'very much on the facts of each case.'" *Id.* at 1166. This means existing precedent must "squarely govern[ ] the specific facts at issue, such that only someone who is plainly incompetent or who knowingly violates the law

would have behaved as the official did." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020). When conducting this inquiry, courts must "frame the constitutional question with specificity and granularity," *Morrow*, 917 F.3d at 874–75, rather than "at a high level of generality," *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). In other words, controlling authority or a robust consensus of persuasive authority must have placed the question "beyond debate," with "the right's contours ... sufficiently definite that any reasonable official in the [officer's] shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 779, 134 S.Ct. 2012, 188 L.Ed.2d 1056 (2014). A case must be identified where an officer acting under similar circumstances was held to have violated the Fourth Amendment. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam).

4.  Here, Plaintiff failed to cite to any cases showing that Kennedy's alleged actions were unreasonable under the circumstances or that Kennedy should have known his actions were unlawful. The cases cited are distinguishable and inapplicable to the facts alleged in Plaintiff's Fist Amended Complaint. In *Garner,* the Supreme Court held that it was unreasonable for an officer to use deadly force against a young, unarmed boy, fleeing a burglary on foot. *See Tennessee v. Garner*, 471 U.S. 1, 11 (1985). In *Lytle*, the Fifth Circuit held that a fact issue existed as to whether a fleeing vehicle still posed an imminent threat when it was four blocks down the road from the shooting officer. *Lytle v. Bexar County*, 560 F.3d 404, 417 (5th Cir. 2009). Finally, in *Crane*, the Fifth Circuit also held that a fact issue existed when a deputy used force to restrain a driver in a parked vehicle, with the door open. *Crane v. City of Arlington*, 50 F.4th 453, 467 (5th Cir. 2022). Unlike *Garner*, *Lytle*, and *Crane*, Plaintiff was not in a parked vehicle with her door open, traveling on foot, or located a sufficient distance away from individuals such that she did not pose an imminent threat of harm to others. Instead, Plaintiff's alleged facts showing that: 1. The incident took place while the officers were conducting traffic at crosswalk used by pedestrians to enter the stadium; 2. Plaintiff was already directed to "calm down," and "get

out of the vehicle," and 3. Plaintiff was in a moving vehicle while officers were in the immediate surrounding area. *See* ECF No. 9, pp. 4-8.

5.  Plaintiff claimed she "didn't have any weapons in the vehicle," but failed to address that her own vehicle is a deadly weapon. *See* ECF No. 17 at p. 5. The Fifth Circuit has ruled that if an officer believes that he or the others around him are in danger from a vehicle, it can be reasonable to use deadly force. *Fraire v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992); *see also United States v. Harrimon,* 568 F.3d 531, 534 (5th Cir. 2009)(noting that under Texas law, fleeing in a vehicle constitutes a "purposeful, violent, and aggressive" felony). In 2023, the Fifth Circuit again held that deadly force was reasonable when the plaintiff failed to abide commands provided by officers, officers were in the surrounding area, and Plaintiff attempted to flee in a vehicle. *See Baker v. Corburn*, F.4th 240, 248 (5th Cir. 2023). Based on the circumstances alleged by Plaintiff, and Fifth Circuit precedent at the time of the alleged violation, it cannot be said Kennedy knew he was violating Plaintiff's constitutional rights when Plaintiff continued to move forward in her vehicle in violation of the the directives of officers conducting traffic in a "hive of enthusiastic students, parents, children and fans." *See* ECF No. 9. Kennedy retains his qualified immunity and Plaintiff's use force claim should be dismissed.

**C. Plaintiff failed to adequately respond to Defendants' motion to dismiss her Fourth Amendment unreasonable seizure claim against Officers Kennedy and Garcia.**

6.  In her Response, Plaintiff failed to point to any specific facts showing that any search or seizure was unlawful. Plaintiff argued that the stop was unjustified from its inception when Kennedy first stepped in between Plaintiff's vehicle and the crosswalk because there were no pedestrians using the crosswalk. *See* ECF No. 17. However, not every stop by a police officer constitutes a seizure under the Fourth Amendment. There are no *per se* rules in evaluating interactions of a civilian and police officer. *State v. Garcia–Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The setting in which the conduct occurs, and the attendant circumstances must be analyzed. *Id.* at 240. The mere fact that Kennedy first blocked Plaintiff's vehicle as she approached the crosswalk does not automatically

indicate a seizure occurred within the meaning of the Fourth Amendment. Instead, the totality of the circumstances must be analyzed in determining when a stop and seizure occurred under the Fourth Amendment. *United States v. Arvizu,* 534 U.S. 266, 273 (2002). A stop occurs by show of authority when "all of the circumstances surrounding the incident, a reasonable person would have believed that [s]he was not free to leave". *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).

7.     Here, Plaintiff specifically pled that Officers Kennedy and Garcia were conducting traffic control at the stadium. ECF No. 9 at p. 6. It cannot be argued that a stop occurred when Kennedy first stepped in front of Plaintiff's vehicle because Plaintiff herself alleged that after receiving no instruction from either officer, she attempted to drive forward around Kennedy. *Id.* at p. 7. It wasn't until Kennedy stepped in front of her vehicle again and Garcia instructed her to "get out the vehicle," that an alleged *Terry* Stop could have occurred. *See United States v. Morris*, 40 F.4th 323, 327 (5th Cir. 2022)("Under the Fourth Amendment free to leave test, it is hard to conclude that a person ordered to a certain location by police would feel free to leave.") Therefore, any alleged *Terry* Stop occurred after Kennedy stepped in front of Plaintiff's car the second time and Garcia instructed Plaintiff to get out the vehicle.

8.     The second issue is whether Kennedy and Garcia had reasonable suspicion to stop Plaintiff. A *Terry* stop occurs when a law enforcement officer can point to specific and articulable facts that lead him to reasonably suspect that a particular person is committing, or is about to commit, a crime, the officer may briefly detain—that is, 'seize'—the person to investigate." *United States v. Hill*, 752 F.3d 1029, 1033 (5th Cir. 2014). "Although a mere 'hunch' does not create reasonable suspicion, the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause." *Kansas v. Glover*, 589 U.S. 376, 380, 140 S.Ct. 1183, 206 L.Ed.2d 412 (2020). Here, there was reasonable suspicion to stop

Plaintiff because she attempted to drive around Kennedy as he was performing his duties in conducting traffic control. See ECF. No. 9 at pp. 7-8. A person commits an offense if she acts with criminal negligence: interrupts, impedes or otherwise interferes with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law. Tex. Penal Code § 38.15(a)(1). Therefore, both Officers Kennedy and Garcia had reasonable suspicion to stop Plaintiff, especially when Plaintiff violated the law again when she failed to comply with the directive by Officer Kennedy to get out of her vehicle. *See* Tex. Transp. Code §542.501("[a] person may not willfully fail or refuse to comply with a lawful order or direction of ... a police officer).

9.  Plaintiff argued in her Response that there was "no indication" that Plaintiff had enough time to comply with the directive to get out of her vehicle. ECF No. 17 at pp. 10-11. However, her argument is controverted by the facts alleged in her First Amended Complaint. Plaintiff specifically pled that instead of complying with Officer Garcia's directive to get out of the vehicle, she rolled down her window and told him that "there was no reason to get out of the vehicle." ECF No. 9 at p. 8. She alleged that Kennedy was still in front of her vehicle when this occurred and not next to her window. *See Id.* This Court is further not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999). Plaintiff's unreasonable seizure claim should be dismissed.

   **D. Plaintiff failed to adequately respond to Defendants' motion to dismiss her Fourth Amendment bystander liability claim against Garcia.**

10.  Plaintiff failed adequately respond to Garcia's qualified immunity defense with respect to her bystander liability claim. Plaintiff's claim first fails because she failed to state a claim for excessive force against Kennedy. "Bystander liability arises only where the plaintiff can allege and prove another officer's use of excessive force." *Buehler v. Dear*, 27 F.4th 969, 989 (5th Cir. 2022). Plaintiff's claim fails in the second instance because she failed to allege facts showing that Garcia had a reasonable opportunity to prevent Kennedy from using excessive force, an essential element of a bystander

liability claim. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). In her Response, Plaintiff specifically stated that "Defendant Kennedy resorted to deadly force so quickly that it would have been impossible for Defendant Garcia to stop it." ECF No. 17 at p. 11, fn. 4. This admittance is fatal to her bystander claim, which should be dismissed.

### E. Plaintiff failed to adequately respond to NISD's motion to dismiss her claim for failure to train, supervise or discipline Officers Kennedy and Garcia.

11.   Plaintiff failed to adequately respond to NISD's Motion to Dismiss her failure to train claim. In her Response, Plaintiff failed to cite to or respond with any facts that "plausibly support each element of § 1983 municipal liability." *Covington v. City of Madisonville*, 812 Fed. Appx. 219, 224 (5th Cir. 2020). To state a claim, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Hicks–Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017) ."[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 757 (5th Cir. 1993). However, a plaintiff may not infer policy simply because harm resulted from the interaction with a governmental entity. *Colle v. Brazos County*, 981 F.2d 237, 245 (5th Cir. 1993). Rather, [s]he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. *See, e.g., Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003).

12.   To survive a motion to dismiss, a complaint's "description of a policy or custom must and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Yet, in her First Amended Complaint, Plaintiff failed to cite any policy or custom that was a moving force behind the alleged violations of her constitutional rights. In conclusory fashion, all Plaintiff pleaded is that NISD "authorized, approved, permitted, ratified, and tolerated a custom and practice of the unconstitutional acts committed by Defendants Kennedy and Garcia." ECF No. 9 at p. 16. However, to plead a custom or practice, Plaintiff must do more than describe the incident that gave rise to her injury. *Spiller*, 130

F.3d at 167. Plaintiff has failed to characterize any policy with any particularity and her allegations are conclusional and utterly devoid of any "factual enhancements." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (*citing Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

13. Plaintiff has further failed the § 1983 policymaker prong. A governmental entity such as NISD cannot be held liable for an unwritten custom or practice "[a]ctual or constructive knowledge of such custom" is attributable to a city policymaker. *Hicks–Fields*, 860 F.3d at 808. ). As noted in Defendants' Motion to Dismiss, Plaintiff, however, failed to plead facts plausibly suggesting a pattern of similar constitutional violations by untrained officers, much less actual or constructive knowledge of those similar constitutional violations on behalf of NISD's Board of Trustees. *See* ECF No. 9.

14. For the first time, Plaintiff now attempts to rely on the "single incident exception" to establish her failure to train, supervise and discipline claims against NISD. *See* ECF No. 17 at pp. 16-18. The single incident exception, however, is a "narrow one" and one where the Fifth Circuit has been reluctant to expand. *See Burge v. St. Tammany Parish*, 336 F.3d 363, 373 (5th Cir. 2003). The Fifth Circuit has also further determined that "in general… a single incident shooting is by a police officer [is] insufficient as a matter of law to establish the official policy requisite to municipal liability under § 1983." *Rodriguez v. Avita*, 871 F.2d 552, 554–55 (5th Cir. 1989). Accordingly, Plaintiff's First Amended Complaint alleged that Kennedy and Garcia only engaged in the single incident that occurred at the stadium while employed with NISD. See ECF. No. 9. This single incident is not the type of incident that contemplated by the "single incident" liability theory. See *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005)(finding the single-incident exception did not apply when there was no evidence showing that the officer was "involved in any [prior] cases involving the improper use of deadly force"). Therefore, Plaintiff's claims for the negligent training, supervision, and discipline of Kennedy and Garcia should be dismissed.

  **F. Plaintiff failed to adequately respond to NISD's Rule 12(b)(6) Motion to Dismiss her claim for hiring/re-hiring/screening Kennedy.**

15. Plaintiff lastly failed to adequately respond to NISD's motion to dismiss her claim for hiring/re-hiring/ screening Kennedy. Plaintiff failed to point to any facts showing that the hiring of Kennedy amounted to deliberate indifference. Further, an inadequate screening alone, as Plaintiff alleges here, does not amount to deliberate indifference. *Brown,* 520 U.S. at 415–16. The Fifth Circuit has held that failing to respond to a history of "bad or unwise acts" that "demonstrate lack of judgment, crudity, and, perhaps illegalities" is not enough for deliberate indifference. *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005). Here, while Plaintiff relies on Kennedy's unrelated prior disciplinary history with Live Oak PD, it cannot be said that the hiring of Kennedy would cause the specific constitutional violations, unlawful detention and shooting, alleged in Plaintiff's First Amended Complaint. *See* ECF No. 9 at pp.17-18. Accordingly, Plaintiff's claim for the negligent hiring of Kennedy should be dismissed.

### G. Plaintiff failed to adequately respond to NISD's motion to dismiss her claim for ratification.

16. Plaintiff asserted a ratification theory against NISD in her First Amended Complaint. *See* ECF No. 9 at pp.16-17. In its motion to dismiss, NISD asserted that Plaintiff failed to adequately state a claim for which relief can be granted on that theory of liability. In her Response, Plaintiff failed to respond or address NISD's arguments. *See* ECF No. 17. Accordingly, Plaintiff's abandoned her ratification claim against NISD and it should be dismissed. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("Her failure to pursue this [retaliatory abandonment] claim beyond her complaint constituted abandonment.").

17. To the extent that Plaintiff responded to NISD's Motion to Dismiss, Plaintiff failed to adequately address NISD's arguments. Plaintiff only argued that the failure to discipline Kennedy results in liability against NISD. However, this assertion is contradicted by Fifth Circuit precedent, which states that ratification is only limited to extreme factual situations." *See Snyder v. Trepagnier*, 142

F.3d 791, 798 (5th Cir.1998). Under that precedent, Plaintiff failed to present an extreme factual situation. *Compare Grandstaff v. City of Borger,* 767 F.2d 161 (5th Cir.1985) (finding ratification in case in which officers "poured" gunfire onto a truck and killed innocent occupant), with *Snyder*, 142 F.3d at 798 (refusing to find ratification in case in which officer shot fleeing suspect in the back). Moreover, the Fifth Circuit also explained that a policymaker who defends conduct that is later shown to be unlawful does not necessarily incur liability on behalf of the municipality. *See Coon v. Ledbetter*, 780 F.2d 1158, 1161–62 (5th Cir.1986) (precedent "does not stand for the broad proposition that if a policymaker defends his subordinates and if those subordinates are later found to have broken the law, then the illegal behavior can be assumed to have resulted from an official policy"). Therefore, Fifth Circuit precedent forecloses a ratification claim against NISD and it should be dismissed.

### H. Plaintiff should not be granted leave to further amend her Complaint.

18.     Leave to amend should not be granted because Plaintiff has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Further, and as acknowledged by Plaintiff, Defendants have already provided Plaintiff with notice of the deficiencies in her pleadings, and she amended her Complaint in response. ECF No. 17 at p. 19. If the Court finds that the Motion to Dismiss has merit, Plaintiff should therefore not be granted with another opportunity to amend her complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002). Indeed, in her request for leave to amend her Complaint, Plaintiff stated no reason why the procedure applied through the Court's standing order failed to provide her with an opportunity to present her best case. ECF. No. 17 at p. 19. Therefore, Plaintiff's leave request to amend her complaint should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendants move the Court to grant their 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint, dismiss Plaintiff's claims in their entirety, and furthermore grant them any and all relief to which they are justly entitled.

Respectfully submitted,

By: /s/ *Katie E. Payne*
Katie E. Payne
State Bar No. 24071347
E-Mail: kpayne@wabsa.com
D. Craig Wood
State Bar No. 21888700
E-Mail: cwood@wabsa.com

**WALSH GALLEGOS KYLE**
**ROBINSON & ROALSON P.C.**
1020 NE Loop 410, Suite 450
San Antonio, Texas 78209
Telephone: (210) 979-6633
Facsimile: (210) 979-7024

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of January 2025, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which caused the filing to be served upon all counsel of record.

/s/ *Katie E. Payne*
Katie E. Payne