## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARKAY GARCIA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **5:24-CV-01099-JKP-RBF** |
| | § | |
| **NORTHSIDE INDEPENDENT** | § | |
| **SCHOOL DISTRICT, KYLE** | § | |
| **KENNEDY, and JOSEPH GARCIA,** | § | |
| **Defendants.** | § | |

### DEFENDANTS' OPPOSED MOTION TO STAY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, Kyle Kennedy and Joseph Garcia, and file this Opposed Motion to Stay and show the Court the following:

### I.    STATEMENT OF THE CASE

1.    Plaintiff Markay Garcia filed her First Amended Complaint on November 27, 2024. *ECF No. 9*. In her Complaint, Plaintiff asserts (1) Officers Kennedy and Garcia allegedly violated her Fourth Amendment right to be free from unreasonable seizures; (2) Officer Kennedy allegedly violated her Fourth Amendment right to be free from excessive force; (3) Officer Garcia allegedly failed to intervene; and (4) Northside Independent School District allegedly failed to train, supervise or discipline Officers Kennedy and Garcia. *Id. at 12-23*.

2.    On December 27, 2024, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint arguing Plaintiff failed to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). *ECF No. 16*. Defendants Kennedy and Garcia assert that they maintain their qualified immunity from Plaintiff's § 1983 claims. *Id. at 3-6*.

3.    On June 23, 2025, the Court rendered a Memorandum Opinion and Order denying Defendants' Motion to Dismiss with regard to Plaintiff's causes of action against Officers Kennedy and Garcia for alleged violations of her Fourth Amendment right to be free from unreasonable seizures and also Officer Kennedy's alleged violation of her Fourth Amendment right to be free from excessive force. *ECF No. 20 at 6-15*. The Court otherwise granted Defendants' Motion to Dismiss with regard to Plaintiff's claim against Officer Garcia's alleged failure to intervene to stop Officer Kennedy's alleged use of excessive force and all Plaintiff's claims against Northside Independent School District for municipal liability. *Id at 15-22.*

4.    As of July 7, 2025, Defendant Kennedy's criminal proceedings remain open, and he is awaiting trial in the 226th District Court of Bexar County. See Exhibit A, Case Summary for Case No. 2024CR011495. As anticipated in the Joint Discovery/Case Management Plan filed by the parties on November 29, 2024, Defendants now request a stay of the civil proceedings pending the outcome of the related criminal matter against Officer Kennedy.

## II.    ARGUMENTS AND AUTHORITIES

5.    The Court has the inherent power to control its docket and to stay proceedings in the interest of justice. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

6.    More specifically, a district court also may, in its discretion, stay a civil action when a defendant in the case is facing criminal charges in a parallel proceeding. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983). "Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *Id.* (quoting *SEC v. First Fin. Grp. of Tex.*,

Defendants' Motion to Stay

Inc., 659 F.2d 660, 668 (5th Cir. 1981)). One such circumstance "is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action." *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 397 (S.D. Tex. 2009).

7.    In order to determine whether special circumstances warrant a stay, a court should consider the following six factors: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the criminal case; (3) the private interests of the plaintiffs in proceeding expeditiously; (4) the burden on the defendants; (5) the interest of the courts; and (6) the public interest. *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016).

8.    The first and most important factor is the degree to which the civil issues overlap with the criminal issues. *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *6 (W.D. Tex. Feb. 1, 2016). Post-indictment is when the degree of overlap between a criminal and civil case can most readily be determined. *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 762 (W.D. Tex. 2008). The instant civil action and Defendant Kennedy's criminal state court proceedings involve overlapping issues arising from the same incident and thus support a stay. As Plaintiff states in her Complaint, "On November 13, 2024, Defendant Kennedy was indicted by a Bexar County grand jury for (1) aggravated assault with a deadly weapon by a police officer, (2) deadly conduct, and (3) official oppression." *ECF No. 9 at 2*. Plaintiff goes on to admit Defendant Kennedy was "criminally indicted for his conduct *in this case." Id. at 9,* (emphasis in original). As explained above, Defendant Kennedy is currently awaiting trial in State Court. See Exhibit A. A significant and even complete overlap between the issues in both proceedings can present a significant risk of self-incrimination.

*Bean*, 220 F. Supp. 3d at 775. As such, this first and most important factor of overlap weighs strongly in favor of staying the case.

9.     The second factor is the status of the criminal case. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Id.* at 776. Here, as explained above, Defendant Kennedy has been indicted and is awaiting trial for the same conduct Plaintiff alleges in her Complaint. See Exhibit A. The second factor, status of the criminal case, also weighs in favor of a stay.

10.     The third factor is the plaintiff's private interests. A court "may require a plaintiff to establish more prejudice than simply a delay in its right to expeditiously pursue [her] claim" in objection to a stay. *Bean*, 220 F. Supp. 3d at 776. There is no reason to believe that discovery and/or witnesses would become lost or destroyed during the stay. The relevant evidence and testimony will be more available when not impeded by pending criminal proceedings, including statutory or other prohibitions on their release. Given that Plaintiff is unlikely to face significant prejudice if any, the third factor considering the plaintiff's private interest, weighs in favor of a stay.

11.     The fourth factor is the interests of the defendants. "A defendant facing simultaneous civil and criminal proceedings may be burdened by the choice between 'invoking his Fifth Amendment rights [and] jeopardiz[ing] his defense in the civil suit, where an adverse inference may be drawn from the defendant's silence.'" See *Brown v. Kenner Police Dep't*, No. CV-17-3445, 2017 WL 5157563, at *2 (E.D. La. Nov. 7, 2017) (quoting *SEC v. AmeriFirst Funding, Inc.*, No. 07-1188, 2008 WL 866065, at *4 (N.D. Tex. 2008). This burden certainly applies to Defendant Kennedy whose criminal proceedings remain unresolved. However, both Defendants Kennedy and Garcia would be burdened by fulfilling their obligations as witnesses in

4

this action while asserting their Fifth Amendment rights. The Fifth Amendment "has long been held to extend to compelling answers by parties or witnesses in civil litigation ... 'wherever the answer might tend to subject to criminal responsibility him who gives it.'" *Gonzalez*, 571 F. Supp. 2d at 762 (quoting *Nat'l Acceptance Co. of Am. v. Bathalter*, 705 F.2d 924, 926 (7th Cir. 1983). The Fifth Amendment "must be accorded liberal construction in favor of the right it was intended to secure." *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). Accordingly, the fourth factor weighs in favor of a stay.

12.    The fifth factor is the Court's own interests. Efficient administration and judicial economy are relevant considerations in determining whether to grant a stay. *Gonzalez*, 571 F. Supp. 2d at 762. Here, granting a stay advances judicial economy by minimizing discovery disputes and conflicting rulings between the two proceedings. This fifth factor, the Court's interest, supports a stay.

13.    The last factor considers whether a stay of the civil proceedings is in the public's interest to protect an individual's Fifth Amendment rights. While "the public certainly has an interest in the prompt resolution of the instant civil case, it also has an interest in protecting the constitutional rights of criminal defendants." *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *7 (W.D. Tex. Feb. 1, 2016). For these reasons, the public interest supports staying the civil case.

14.    This is Defendants' first request to stay the case, which is not made for purposes of delay, but so that justice may be done.

## <u>CONCLUSION AND PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, for the reasons shown above, Defendants respectfully move the Court to grant their Opposed Motion to Stay pending a resolution of

Defendants' Motion to Stay

Defendant Kennedy's criminal proceedings in state court and furthermore grant them any and all

relief to which they have  shown themselves justly entitled.

Respectfully submitted,

By:    /s/ Katie E. Payne
       Katie E. Payne
       State Bar No. 24071347
       Federal ID No.: 1786856
       E-Mail: kpayne@wabsa.com
       D. Craig Wood
       State Bar No. 21888700
       Federal ID No.: 979301
       Email:  cwood@wabsa.com
       Adriana G. Rodriguez
       State Bar No. 24071467
       Federal ID No.:3803186
       **WALSH GALLEGOS KYLE**
       **ROBINSON & ROALSON P.C.**
       1020 N.E. Loop 410, Suite 450
       San Antonio, Texas 78209
       Telephone: (210) 979-6633
       Facsimile: (210) 979-7024
       **ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF CONFERENCE</u>**

On July 7, 2025, the undersigned counsel conferred with Plaintiff's counsel via email, but no response was received. Accordingly, this motion is filed as opposed.

/s/ Katie E. Payne
Katie E. Payne

Defendants' Motion to Stay

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 7th day of July 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and caused to be served upon all counsel of record via the CM/ECF system, pursuant to the Federal Rules of Civil Procedure as follows:

Fidel Rodriguez, Jr.
State Bar No. 1714550
Fidel Rodriguez, III
State Bar No. 24081924
**RODRIGUEZ TRIAL LAW**
231 W. Cypress St.
San Antonio, Teas 78212
Telephone: (210) 777-5555
Facsimile: (210) 224-0533

Sylvan S. Lang, Jr.
State Bar No. 11898700
Brian M. Dennis
State Bar No. 24039970
Meagan M. Gillette
State Bar No. 24050659
**LANG LAW FIRM, P.C.**
Northwest Atrium
11550 IH-10 West, Suite 273
San Antonio, Texas 78230
Telephone: (210) 783-0322
Facsimile: (210) 479-0099

Thad D. Spalding
State Bar No. 00791708
Shelby J. White
State Bar No. 24084086
**DURHAM, PITTARD & SPALDING, LLP**
P.O. Box 224626
Dallas, Texas 75222
Telephone: (214) 946-8000
Facsimile: (214) 946-8433

**ATTORNEYS FOR PLAINTIFF**

*/s/ Katie E. Payne*
Katie E. Payne

Defendants' Motion to Stay