IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARKAY GARCIA,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | NO. 5-24-CV-01099-JKP-RBF<br>JURY DEMANDED |
| NORTHSIDE INDEPENDENT SCHOOL DISTRICT, KYLE KENNEDY, and JOSEPH GARCIA,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

**PLAINTIFF'S REPSONSE TO DEFENDANTS' OPPOSED MOTION TO STAY**

Plaintiff, Markay Garcia, files this response to Defendants' Opposed Motion to Stay. (Dkt. 23). For the reasons detailed below—namely, that Defendants Kyle Kennedy and Joseph Garcia have not demonstrated the "special circumstances" that warrant a blanket stay of this case—Defendants' motion should be denied.

## I.   Introduction

This is a civil rights case arising from an improper and warrantless seizure of Plaintiff by Defendants Kennedy and Garcia on October 28, 2023, that ended in the use of excessive, deadly force by Defendant Kennedy when he, without any warning, pulled his firearm on Plaintiff while she was in her vehicle and shot her through the right arm, resulting in serious damage to Plaintiff, but which—thankfully—did not result in her, or anyone else's, death. For his role in this incident, Mr. Kennedy was indicted by a Bexar County grand jury for (1) aggravated assault with a deadly weapon by a police officer, (2) deadly conduct, and (3) official oppression, and has since been arrested and released on bond. Despite the criminal indictment, NISD never disciplined Kennedy for what he did, thus ratifying his conduct.

Kennedy and Garcia moved to dismiss the claims asserted against them.[1] This Court denied Kennedy's motion in its entirety and denied Garcia's motion in part. Now, both move for a complete stay of the entire case based solely on Kennedy's indictment. That motion should be denied.

Both Kennedy and Garcia are required to demonstrate "special circumstances" that require a stay while the criminal case against Kennedy is pending. Garcia cannot make that showing, and the motion does not make any effort to do so. Kennedy's motion is based exclusively on his criminal indictment and his claim that he would be burdened in this proceeding and by asserting his Fifth Amendment rights here. But, a blanket assertion of a witness's Fifth Amendment protection against self-incrimination is never appropriate, and other protections are possible that do not require this entire case to be stayed. In short, the existence of a parallel criminal proceeding against one of these Defendants does not mandate the blanket stay of this case.

## II.   Argument & Authorities

**A.   Legal standard for motions to stay proceedings.**

In setting out the legal standard applicable to a motion to stay, the Defendants leave out a crucial point that necessarily guides the Court's discretion: "[t]here is no federal constitutional, statutory, or common law rule prohibiting simultaneous prosecution of parallel civil and criminal proceedings." *Navarro v. Gomez,* No. SA-24-CV-00968-XR, 2024 WL 4795682, *1 (W.D. Tex. Nov. 13, 2024) (citing *Sec. Exch. Comm'n v. First Fin. Grp. of Tex., Inc.,* 659 F.2d 660, 668 (5th Cir. 1982), and *Bean v. Alcorta,* 220 F. Supp. 3d 772 (W.D. Tex. 2016)). In fact, there is a strong presumption in favor of discovery, and it is the rule, rather than the exception, that civil and

---

[1] NISD also moved to dismiss the *Monell* claims against them, which this Court granted. (Dkt. 20 at 17-24). Plaintiff, in conjunction with this response, asks this Court to reconsider a narrow aspect of that ruling but, as it stands, NISD is not a party to this case or the motion to stay.

criminal cases proceed together. *U.S. ex rel. Gonzalez v. Fresenius Med. Care N.A.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008). To overcome that presumption, the movant must show that there exist "special circumstances" that warrant a stay so as to prevent a defendant from suffering substantial and irreparable prejudice. *Id*. After all, "prompt investigation and enforcement both civilly and criminally [are] sometimes necessary in order to protect the public interest and … deferring or foregoing either civil or criminal prosecutions could jeopardize that interest." *Id.* (quoting *Sec. Exch. Comm'n,* 659 F.2d at 667).

Defendants skip this presumption, jumping straight to the following factors the Court is to consider in determining whether "special circumstances" exist sufficient to warrant a stay:

(1) the extent to which the issues in the criminal case overlap with those presented in the civil case;

(2) the status of the criminal case, including whether the defendants have been indicted;

(3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay;

(4) the private interests of and burden on the defendants;

(5) the interests of the courts; and

(6) the public interest.

*Id.* at 762; *see also Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 398–99 (S.D. Tex. 2009). Contrary to Defendants' representations, these factors do not warrant a stay.

**B.    Defendants have not demonstrated that "special circumstances" warrant a stay.**

**1.    There is some overlap between this case and the issues presented in the criminal case, but as to Kennedy only.**

The extent to which issues in the criminal case overlap with those in the civil case is generally considered the most important factor in the analysis. *See Bean v. Alcorta,* 220 F. Supp.

3d 772, 775-76 (W.D. Tex. 2016). Where there is significant overlap, self-incrimination by the criminal defendant is more likely and thus weighs in favor of a stay. *Id.* at 776.

Here, there is no question that the criminal proceeding against Kennedy is largely based on the same conduct here—namely whether Kennedy use of deadly force against Plaintiff was reasonable under the totality of the circumstances. Of course, that is not the only issue presented here. This case also involves the seizure of Plaintiff in the first place and whether that conduct was reasonable. And, of course, the criminal case does not involve Garcia at all. Thus, to the extent Garcia seeks a stay of this case, his conduct is not the subject of any criminal proceeding. Thus, Plaintiff concedes that this factor weighs in favor of staying the case, but only as to Kennedy.

### 2. The status of the criminal case.

Defendants correctly point out that a stay of a civil case is appropriate where the party to the civil case has already been indicted for the same conduct. (Dkt. 23 at 4); *see also Bean,* 220 F. Supp. 3d at 776. But, again, this factor only weighs in favor of a stay as to Kennedy. Only Kennedy has been indicted and is awaiting trial. This second factor would weigh slightly in favor of a stay as to Kennedy, but Defendants fail to also address the timing of the criminal case as it relates to this case.

Currently, Kennedy is set for a pre-trial conference on August 7, 2025. (Dkt. 23-1 at 5). The pre-trial conference is on its seventh setting. There does not appear to currently be a trial setting.

Assuming the criminal case was tried shortly after the currently-scheduled pre-trial conference, then perhaps that status might weigh in favor of a limited stay. But, Defendant Kennedy makes no representations as to when his criminal case might go to trial and simply asks

this Court to impose a stay that is without limitation. As long as that remains the case, this factor weighs against a blanket stay.

### 3. Plaintiff's private interests in a quick resolution of their claims weighs against a stay.

"Generally, a 'civil plaintiff has an interest in the prompt resolution of his claims, [including] obtaining discovery while information is still fresh in witnesses' minds.'" *Walker v. Wilburn*, No. 3:13-CV-2896-D, 2015 WL 5873392, at *8 (N.D. Tex. Oct. 5, 2025). After all, "delay can lead to the loss of evidence and duly frustrate a plaintiff's ability to put on an effective case" and "[w]ith the passage of time, witnesses become unavailable, memories of conversations and dates fade, and documents can be lost or destroyed." *Alcala,* 625 F. Supp. 2d at 397. Thus, the compensation and remedy due a civil plaintiff should not be delayed as a plaintiff has a legitimate interest in the expeditious resolution of her case. *U.S. ex rel Gonzalez,* 571 F. Supp. 2d at 763.

Here, there can be little question that the blanket stay Defendants ask for will significantly delay this case. And Defendants make no effort to even predict when the criminal case will be resolved. Given the open-ended stay Defendants ask for, concerns regarding witnesses' fading memories and poor health are significant. *Id.*; *see also Sanchez v. Gomez,* No. EP-17-CV-133-PRM, 2017 WL 11625934, *3 (W.D. Tex. Dec. 21, 2017) ("Delaying the civil case for an indeterminate length of time inevitably weakens Plaintiffs' position because 'witnesses become unavailable, memories fade, and documents can be lost or destroyed.'"). Moreover, a blanket stay over the criminal case provides Kennedy an incentive to delay the criminal case as long as possible and use that delay to his advantage in this case. *Sanchez,* 2017 WL 11625934 at *3. That is not a just outcome and not a factor that, in any way, can be seen as one that weighs in favor of stay.

**4.   Kennedy and Garcia fail to demonstrate how the pendency of Kennedy's criminal proceeding would burden them here.**

The criminal proceeding has been pending since September 2024, nearly the entire time the civil case has been on file. And, as made clear above, there is no end in sight to the criminal proceeding and Defendants do not predict one.

At the same time, Defendants focus on a burden they *might have* in the event they *may invoke* a Fifth Amendment right in this case, and any adverse inference that *may accompany* this. (Dkt. 23 at 4, ¶ 11). But, it is not unconstitutional to force civil defendants to choose between the negative inferences drawn from their silence in a civil case and their Fifth Amendment privilege. *U.S. ex rel Gonzalez,* 571 F. Supp. 2d at 764. Moreover, a party asserting prejudice to his Fifth Amendment right must demonstrate more than the mere possibility of prejudice. *Id.* Allegations of prejudice to criminal cases from civil discovery are conclusory and insufficient to warrant a stay. *Id.* The movant is required to make a specific showing of the harm it will suffer without a stay and why other methods of protecting its interest are sufficient. *Id.* A blanket invocation of the Fifth Amendment privilege is not sufficient to relieve a civil litigant of the responsibility to answer questions put to him during the civil discovery process. *Navarro,* 2024 WL 4795682 at *4.

This deficiency in Defendants' motion is important considering that there are other means to protect Kennedy's interests, like a protective order[2] prohibiting the use of Kennedy's discovery responses in the criminal case. *Id.* (citing *United States v. Parcels of Land,* 903 F.2d 36, 44-45

---

[2] Notably, after Defendants' motion was filed, Plaintiff's counsel reached out to see if there was some common ground that could be reached regarding discovery that was not the blanket stay Defendants requested. *See* Ex. 1 (Email correspondence between Plaintiff's and Defendants' counsel). In response, Defendants offered to at least release the video of the incident to Plaintiffs, subject to the execution of a protective order. *See id.* If the protective order is sufficient protection for the video evidence, it should be sufficient protection for other discovery from Kennedy and Garcia too.

(1st Cir. 1990)). But, Defendants do not ask for such relief. Rather, they seek to impose a blanket stay on this case, which would include even discovery from Garcia, who is not the subject of any criminal investigation or proceeding, and NISD. In short, Defendants seek to apply a sledgehammer to stop discovery in this case, when a scalpel will do. At a minimum, this factor does not weigh in favor of a stay.

### 5. The interest of the Court weighs against a stay.

In determining the propriety of a stay, the Court can consider its own interests in efficient administration and judicial economy. *Bean,* 220 F. Supp. 3d at 777. And the Court has an interest in moving its cases to an expeditious conclusion. *U.S. ex rel Gonzalez,* 571 F. Supp. 2d at 765. Given that this case has already been pending for almost 10 months and there is no scheduling order entered, a stay is not conducive to an expeditious conclusion to this controversy. *Sanchez,* 2017 WL 11625934 at *4. This factor therefore weighs against a stay.

### 6. The public interest weighs against a stay.

Like the Court's interests, the public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases. *U.S. ex rel Gonzalez,* 571 F. Supp. 2d at 765. At the same time, the public also has an interest in protecting the constitutional rights of criminal defendants. *Bean,* 220 F. Supp. 3d at 778. Thus, if denying a stay risks endangering a defendant's Fifth Amendment rights and granting a stay will not significantly delay this case, the factor weighs in favor of a stay. *Id.*

Again, this case has been on file for several months already with no scheduling order in place. Defendants, instead, seek a stay of this case while Kennedy's criminal case proceeds to a final resolution. Given that Kennedy's case is not even set for trial, there is no end to how long Defendants' proposed stay might last. In short, a stay of this case will significantly delay this case.

At the same time, and as discussed above, Defendants have made no effort to demonstrate exactly how their Fifth Amendment rights will be compromised. Garcia cannot make such a showing as he has no Fifth Amendment rights to assert. Kennedy, on the other hand, simply claims a Fifth Amendment privilege without identifying exactly how that right would be compromised. Since blanket assertions of privilege are not appropriate, and there can be little question that the proposed stay would be of unlimited duration, this factor weighs against a stay as well.

### III.    Conclusion & Prayer

Simply, Defendants fail to meet their burden to support a blanket, unlimited stay of this case. Defendants do not show how "special circumstances" exist that require a stay of this case pending the outcome of the criminal proceeding against Kennedy. This Court should therefore deny the motion.

For these reasons, Plaintiff respectfully requests that Defendants' motion be denied or, if the Court is of the opinion that any stay is warranted, it should only be granted as to Kennedy and not as to Garcia or NISD and that discovery be allowed as to Garcia and NISD, either directly or through non-party subpoena. Plaintiff further requests that she be granted such other relief to which she may be justly and equitably entitled.

    Respectfully submitted,

    RODRIGUEZ TRIAL LAW
    231 W. Cypress St.
    San Antonio, Texas 78212
    (210) 777-5555; Telephone
    (210) 224-0533; Telefax

    BY:   <u>S/ FIDEL RODRIGUEZ, JR.</u>
           FIDEL RODRIGUEZ, JR.
           State Bar No. 17145500
           FIDEL RODRIGUEZ, III
           State Bar No. 24081924

       LANG LAW FIRM, P.C.
       Northwest Atrium
       11550 IH-10 West, Ste. 273
       San Antonio, Texas 78230
       (210) 783-0322; Telephone
       (210) 479-0099; Telefax

  BY:  <u>*S/ SYLVAN S. LANG, JR.*</u>
       SYLVAN S. LANG, JR.
       State Bar No. 11898700
       BRIAN M. DENNIS
       State Bar No. 24039970
       MEAGAN M. GILLETTE
       State Bar No. 24050659

       DURHAM, PITTARD & SPALDING, LLP
       P.O. Box 224626
       Dallas, Texas 75222
       (214) 946-8000; Telephone
       (214) 946-8433; Telefax
  BY:  <u>*/S/ THAD D. SPALDING*</u>
       THAD D. SPALDING
       State Bar No. 00791708
       SHELBY J. WHITE
       State Bar No. 24084086

       ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

 I hereby certify that on **July 14, 2025**, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing ("ECF") system of the Court. The following counsel of record were served via electronic service through the ECF system.

  D. Craig Wood, cwood@wabsa.com
  Katie E. Payne, kpayne@wabsa.com
  **WALSH GALLEGOS KYLE ROBINSON & ROALSON P.C.**
  1020 NE Loop 410, Suite 450
  San Antonio, Texas 78209
  *Attorneys for Defendants*

            <u>*/s/ Thad D. Spalding*</u>
             Thad D. Spalding