IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARKAY GARCIA,<br>　　　Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | NO. 5-24-CV-01099-JKP-RBF<br>JURY DEMANDED |
| NORTHSIDE INDEPENDENT SCHOOL<br>DISTRICT, KYLE KENNEDY, and<br>JOSEPH GARCIA,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§ | |

**PLAINTIFF'S MOTION TO RECONSIDER MEMORANDUM OPINION AND ORDER
DISMISSING DEFENDANT NORTHSIDE INDEPENDENT SCHOOL DISTRICT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JASON K. PULLIAM:

Plaintiff, Markay Garcia, files this Rule 54(b) motion for reconsideration, in part, of this Court's June 23, 2025 Memorandum Opinion and Order (Dkt. 20) in which the Court, among other things, granted Defendant Northside Independent School District's (NISD) motion to dismiss the claims against it and refused to allow Plaintiff the opportunity to amend her complaint. Plaintiff asks that this Cour reconsider that ruling and, upon doing so, either reinstate the claims against NISD or allow Plaintiff the opportunity to amend her claims.

## I.　　　Introduction

This is a civil rights case arising from an improper and warrantless seizure of Plaintiff by Defendants Kennedy and Garcia on October 28, 2023, that ended in the use of excessive, deadly force by Defendant Kennedy when he, without any warning, pulled his firearm on Plaintiff while she was in her vehicle and shot her through the right arm, resulting in serious damage to Plaintiff, but which—thankfully—did not result in her, or anyone else's, death. For his role in this incident, Mr. Kennedy was indicted by a Bexar County grand jury for (1) aggravated assault with a deadly weapon by a police officer, (2) deadly conduct, and (3) official oppression, and has since been arrested and

released on bond.  Despite the criminal indictment, NISD has never disciplined Kennedy for what he did, thus ratifying his conduct.

This Court granted NISD's motion to dismiss and, with regard to Plaintiff's discipline and ratification claim, concluded that "because Markay Garcia did not respond to NISD's challenges to her ratification theory of liability—including addressing *Grandstaff v. City of Borger* and its progeny—the Court considers it abandoned and it is dismissed."  (Dkt. 20 at 18).  But, Plaintiff did not abandon her ratification claim and addressed the claim, with case authority, in her response to NISD's motion to dismiss.  (Dkt. 17 at 17-18).  And to the extent this Court believes that Plaintiff's ratification claim was insufficiently pled, it should allow Plaintiff at least one opportunity to amend it.

## II.    Argument & Authorities

### A.    The rules allow this Court to reconsider its interlocutory dismissal order and partial judgment.

Where a party seeks reconsideration of an order or judgment that does not dispose of all claims and parties and is thus interlocutory in nature, reconsideration is governed by Rule 54(b). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *see* Fed. R. Civ. P. 54(b) (permitting reconsideration of an order or judgment at any time prior to judgment on all claims in an action); *see also McClendon v. United States,* 892 F.3d 775, 781 (5th Cir. 2018) (where summary judgment did not end the action, Rule 54(b) provided the correct standard on reconsideration). Reconsideration under Rule 54(b) is flexible, reflecting "the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Austin*, 864 F.3d at 337 (internal citations omitted).  Notably, the heightened standards for reconsideration of a final judgment under Rule 59(e) do not cabin a district court's reconsideration of an interlocutory judgment and the "trial court is free to reconsider and reverse its decision for

any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* at 336-37 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).[1]

**B.    Plaintiff did not abandon her ratification claim against NISD.**

Although Plaintiff disagrees with this Court's decision with regard to her failure to train and hiring claims, this motion will not rehash those arguments.  Rather, this motion will focus on the ratification theory of liability, which this Court considered "abandoned," concluding that Plaintiff "did not respond to NISD's challenges to her ratification theory of liability—including addressing *Grandstaff v. City of Borger* and its progeny…"  (Dkt. 20 at 18).  Plaintiff never "abandoned" her ratification claim.

A party "abandons" a claim when it fails to defend it in opposition to motions to dismiss or other dispositive pleadings.  *McClelland v. Katy Ind. Sch. Dist.,* 63 F.4th 996, 1010 (5th Cir. 2023).  In *McClelland,* for example, the Fifth Circuit determined that retaliation and compelled free speech claims were abandoned when the plaintiff failed to defend or reassert them on three separate occasions prior to the appeal.  *Id.; see also Scott v. Wasko,* No. 1:24-CV-01045-DII-SH, 2025 WL 888557, at *2 (W.D. Tex. Mar. 10, 2025) (finding that plaintiff abandoned his claims against certain defendants by failing to respond to their motions to dismiss).  Plaintiff did not abandon her ratification claim.

Plaintiff's ratification claim was based on NISD's failure to discipline Kennedy or Garcia for their conduct.  (Dkt. 9 at 20-21).  NISD acknowledged this claim in its motion to dismiss and argued only that the claim was limited solely to "extreme factual situations," citing *Peterson v.*

---

[1] Alternatively, assuming the dismissal of Defendant NISD is to be treated as a final judgment, then this motion should be treated as a Rule 59(e) motion to alter or amend that judgment.

*City of Fort Worth, Tex.,* 588 F.3d 838, 860 (5th Cir. 2009), among others, and this was not one. In response, Plaintiff noted what the Fifth Circuit said in *Milam v. City of San Antonio,* 113 F. App'x 622 (5th Cir. 2004).

> [M]unicipal policymakers who fail to supervise and to discipline their police officers, acting with deliberate indifference to the citizen's rights, could create municipal liability if the lack of supervision causes a deprivation [and] even though a policymaker's response to a particular incident may not cause the injury, the response might provide evidence of the content of a municipality's policies. That is, the failure to take disciplinary action in response to an illegal arrest, when combined with other evidence, could tend to support an inference that there was a preexisting de facto policy of making illegal arrests: the policymaker did not discipline the employee because, in the policymakers' eyes, the employee's illegal conduct actually conformed with municipal policy.

*Milam,* 113 F. App'x at 628. (citations omitted). Plaintiff's factual allegations, together with its legal argument supporting the lack of discipline as a valid theory of ratification, at a minimum demonstrate that Plaintiff did not abandon her ratification theory against NISD.

To the extent Plaintiff was required to specifically address *Grandstaff* and its progeny and somehow show that this case involves an "extreme factual scenario" to avoid dismissal, the complaint speaks for itself. There is no question that the facts here are not the same as the facts presented in *Grandstaff v. City of Borger,* where the entire night shift of the Borger Police Department "engaged in this wild barrage" of gunfire at a truck, ultimately killing an innocent occupant, and following which "there were no reprimands, no discharges, and no admissions of error." 767 F.2d 161, 171 (5th Cir. 1985). Of course, it could also be said that firing any firearm at a school district event, under these circumstances, is just as extreme as *Granstaff*, if not more so.

But, the facts of this case did not need to rise to the same "incompetent and catastrophic performance" level as they did in *Grandstaff*. Rather, in explaining the "extreme factual scenario" limitation, the Fifth Circuit simply requires that the "subordinate's actions [be] sufficiently extreme— for instance, *an obvious violation of clearly established law*…" *World Wide Street Preachers*

*Fellowship v. Town of Columbia,* 591 F.3d 747, 755 (5th Cir. 2009) (emphasis added); *Sligh v. City of Conroe, Tex.,* 87 F.4th 290, 303 (5th Cir. 2023). Here, Kennedy's conduct constituted an obvious violation of clearly established law. Plaintiff's complaint made that clear (Dkt. at 9 at 20-21), and this Court, in its Memorandum Order and Opinion, seemed to agree, concluding that "accepting Markay Garcia's facts alleged as true, Officer Kennedy abruptly resorted to overwhelming physical force—specifically deadly force—rather than continuing verbal negotiations with Markay Garcia, which violated a clearly established right" and which "based on Markay Garcia's version of events, … was less justifiable than the conduct found to violate clearly established law in the cases discussed herein." (Dkt. 20 at 15). In short, based on the facts alleged in Plaintiff's complaint, Kennedy's conduct amounted to an obvious violation of clearly established law—i.e., the "extreme factual scenario" to which a ratification theory will apply.

Plaintiff did not abandon her ratification claim, which was adequately pled. This Court should therefore reconsider that aspect of its Memorandum Order and Opinion and, upon doing so, reinstate Plaintiff's ratification theory against NISD.

## C.     Plaintiff should be given at least one opportunity to amend her complaint to address any deficiencies in her ratification claim.

This Court has never given Plaintiff any opportunity to amend to cure any pleading defect. While Plaintiff amended her complaint once as a matter of course, she has never done so in response to a Rule 12(b)(6) motion. Defendants' motion to dismiss was the first time any deficiency in pleading was identified,[2] and as indicated in Plaintiff's response and above, Plaintiff believes her ratification claim is sufficiently pled. But, if it isn't, Plaintiff should be allowed at least one opportunity to amend.

---

[2] Defendants' email effort to comply with this Court's Standing Order (Dkt. 3) never mentions Plaintiff's ratification claim. (Dkt. 17-1).

A Court's discretion to deny leave to amend "is considerably less" when considering whether to allow amendment because Rule 15 requires that leave be given "freely." *See De La Garza Gutierrez v. Pompeo,* 741 F. App'x 994, 1000 (5th Cir. 2018).  The Court's authority to deny leave is therefore circumscribed—absent undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of the amendment, leave should be granted.  *See id.*  Given the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of the pleadings, granting leave to amend is especially appropriate when it dismisses for failure to state a claim. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002) ("it is not unusual for plaintiffs who oppose a motion to dismiss to request leave to amend in the event the motion is granted").  Plaintiff should be afforded at least one opportunity to cure pleading deficiencies before her claims are dismissed, unless it is clear that the defects are incurable or the plaintiffs advise the Court that they are unwilling or unable to amend in a manner that will avoid dismissal.  *Id.* Accordingly, Plaintiff asks that this Court also reconsider its denial of her request for leave to amend the ratification claim.

### III.     Prayer

For these reasons, Plaintiff Markay Garcia respectfully requests that this Court grant its motion to reconsider and, upon doing so, (1) reinstate Plaintiff's ratification claim against NISD or (2) if the Court remains of the opinion that the ratification opinion was not sufficiently pled, allow her one opportunity to amend that claim.  Plaintiff further requests such other relief to which she may be justly and equitably entitled.

Respectfully submitted,

RODRIGUEZ TRIAL LAW
231 W. Cypress St.
San Antonio, Texas 78212
(210) 777-5555; Telephone
(210) 224-0533; Telefax
BY:     *S/ FIDEL RODRIGUEZ, JR.*
        FIDEL RODRIGUEZ, JR.
        State Bar No. 17145500
        FIDEL RODRIGUEZ, III
        State Bar No. 24081924


LANG LAW FIRM, P.C.
Northwest Atrium
11550 IH-10 West, Ste. 273
San Antonio, Texas 78230
(210) 783-0322; Telephone
(210) 479-0099; Telefax
BY:     *S/ SYLVAN S. LANG, JR.*
        SYLVAN S. LANG, JR.
        State Bar No. 11898700
        BRIAN M. DENNIS
        State Bar No. 24039970
        MEAGAN M. GILLETTE
        State Bar No. 24050659


DURHAM, PITTARD & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
(214) 946-8000; Telephone
(214) 946-8433; Telefax
BY:     */S/ THAD D. SPALDING*
        THAD D. SPALDING
        State Bar No. 00791708
        SHELBY J. WHITE
        State Bar No. 24084086


ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **July 14, 2025**, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing ("ECF") system of the Court. The following counsel of record were served via electronic service through the ECF system.

D. Craig Wood, cwood@wabsa.com
Katie E. Payne, kpayne@wabsa.com
**WALSH GALLEGOS KYLE ROBINSON & ROALSON P.C.**
1020 NE Loop 410, Suite 450
San Antonio, Texas 78209
*Attorneys for Defendants*

*/s/ Thad D. Spalding*
Thad D. Spalding