IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARKAY GARCIA, <br>  Plaintiff, <br><br> VS. <br><br> NORTHSIDE INDEPENDENT SCHOOL DISTRICT, KYLE KENNEDY, and JOSEPH GARCIA, <br>  Defendants. | § § § § § § § § § § | NO. 5-24-CV-01099-JKP-RBF <br> JURY DEMANDED |

**PLAINTIFF'S MOTION TO EXTEND**
**DEADLINE TO FILE JOINT SCHEDULING ORDER**

Plaintiff, Markay Garcia, files this Motion to Extend the deadline to submit a joint scheduling order pursuant to this Court's June 24, 2025 Order (Dkt. 21). Plaintiff asks that this Court extend that deadline by two days, **to July 16, 2025**.

**I.  Introduction**

On June 24, 2025, after the Court ruled on Defendants' Rule 12(b)(6) motions, the Court ordered the parties to "to submit, on or before **July 14, 2025**, joint proposed scheduling recommendations to govern the case going forward." (Dkt. 21). Plaintiff's counsel reached out to Defendants' counsel on July 7, 2025, at which time Plaintiff's counsel was informed that the remaining Defendants, Officers Kennedy and Garcia, intended to ask this Court to stay this case entirely pending the outcome of a criminal proceeding against Officer Kennedy. That motion was filed later that same day (Dkt. 23), and Plaintiff responded to that motion on July 14, 2025 (Dkt. 24).

In the process, however, the parties did not submit timely the proposed Joint Scheduling Order requested by this Court's June 24, 2025 Order because, in light of the Defendants' motion to stay, any such filing would not be joint. However, so as to not be in violation of the Court's

request, Plaintiff is filing, in conjunction with this motion, her own proposed scheduling recommendations one that, while suggested by Plaintiff and circulated to Defendants, is not a joint proposal. Plaintiff asks that this Court grant her a two-day extension of time so that this submission can be considered timely.

**II.     Extension of Time**

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." The determination of whether "excusable neglect" exists is "an equitable one, taking into account all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). Courts consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith. *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 161 n. 8 (5th Cir. 2006).

There is good cause for the extension and excusable neglect for missing the deadline. The parties are unable to submit the Joint Scheduling Order this Court requested because of the motion to stay filed by Defendants. It would seem that Defendants' filing moots this Court's request, or at least renders satisfying it impossible. Plaintiff attempted to confer with Defendants last week, and again on July 14-15, 2025 in an effort to prepare a Joint Scheduling Order, but were unable to do so because of the position the Defendants have taken.

The two-day delay is short and will not impact these judicial proceedings. This motion is brought in good faith so as to not ignore the Court's order and the two-day delay was not in

reasonable control of the Plaintiff, since the Court's order required a joint filing and it took two days to confirm that Defendants would not agree to a joint submission. Accordingly, this Court should grant Plaintiff's motion to extend the deadline to file a proposed scheduling order.

### III.  Prayer

For these reasons, Plaintiff Markay Garcia respectfully requests that this Court grant its motion to extend the deadline to file a proposed scheduling order by two days, **to July 16, 2025**. Plaintiff further requests such other relief to which she may be justly and equitably entitled.

<div style="margin-left: 40%;">

Respectfully submitted,

RODRIGUEZ TRIAL LAW
231 W. Cypress St.
San Antonio, Texas 78212
(210) 777-5555; Telephone
(210) 224-0533; Telefax

BY:   *S/ FIDEL RODRIGUEZ, JR.*
         FIDEL RODRIGUEZ, JR.
         State Bar No. 17145500
         FIDEL RODRIGUEZ, III
         State Bar No. 24081924

LANG LAW FIRM, P.C.
Northwest Atrium
11550 IH-10 West, Ste. 273
San Antonio, Texas 78230
(210) 783-0322; Telephone
(210) 479-0099; Telefax

BY:   *S/ SYLVAN S. LANG, JR.*
         SYLVAN S. LANG, JR.
         State Bar No. 11898700
         BRIAN M. DENNIS
         State Bar No. 24039970
         MEAGAN M. GILLETTE
         State Bar No. 24050659

</div>

>DURHAM, PITTARD & SPALDING, LLP
>P.O. Box 224626
>Dallas, Texas 75222
>(214) 946-8000; Telephone
>(214) 946-8433; Telefax
>BY:   */S/ THAD D. SPALDING*
>         THAD D. SPALDING
>         State Bar No. 00791708
>         SHELBY J. WHITE
>         State Bar No. 24084086
>
>         ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

On July 15 and 16, 2025, the undersigned counsel contacted Defendants' counsel regarding the filing of a Joint Proposed Scheduling Recommendation, including emailing Defendants' counsel a proposed scheduling order to counsel for Defendants. On July 16, 2025, Defendants' counsel advised that they could not agree to scheduling order until there was a ruling on Defendants' Motion to Stay and Plaintiff's Motion to Reconsider.

On July 15-16, 2025, the undersigned counsel also asked Defendants' counsel about their position regarding the filing of this motion and the relief requested herein. Defendants' counsel did not respond to that request and it is thus assumed that Defendants are opposed to the requested extension of time.

>*S/ FIDEL RODRIGUEZ, JR.*
>FIDEL RODRIGUEZ, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on **July 16, 2025**, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing ("ECF") system of the Court. The following counsel of record were served via electronic service through the ECF system.

D. Craig Wood, cwood@wabsa.com
Katie E. Payne, kpayne@wabsa.com
**WALSH GALLEGOS KYLE ROBINSON & ROALSON P.C.**
1020 NE Loop 410, Suite 450
San Antonio, Texas 78209
*Attorneys for Defendants*

>*S/ FIDEL RODRIGUEZ, JR.*
>FIDEL RODRIGUEZ, JR.