IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARKAY GARCIA, | § | |
| *Plaintiff*, | § § § | 5:24-CV-01099-JKP-RBF |
| vs. | § § | |
| KYLE KENNEDY, JOSEPH GARCIA, | § § | |
| *Defendants*. | § § § § | |

## **PLAINTIFF'S SCHEDULING RECOMMENDATIONS**

The parties recommend that the following deadlines be entered in the Scheduling Order to control the course of this case.

1. Parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. Parties asserting claims for relief may submit a written offer of settlement to opposing parties on or before <u>August 25, 2025</u>, and each opposing party may respond, in writing on or before <u>September 8, 2025</u>. All offers of settlement are to be private, not filed. The parties shall retain the written offers of settlement and response, as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

3. On or before <u>August 25, 2025</u>, the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is <u>August 25, 2025</u>.

4. Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before <u>September 22, 2025</u>.

5. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before <u>October 22, 2025</u>.

6. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

7. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

8. Parties shall initiate all discovery procedures in time to complete discovery on or before <u>December 22, 2025</u>. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16. Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7.

9. The parties shall complete ADR in compliance with Rule CV-88 on or before _____. [ADR proceedings must be completed not later than 60 days before the date of the trial setting. The parties need not await the setting of a trial date to engage in ADR proceedings]. A motion objecting to ADR may be filed not later than 60 days before that deadline.

10. On or before <u>December 8, 2025</u>, the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

11. On or before <u>February 5, 2026</u>, parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

12. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

13. Plaintiff's Counsel, Fidel Rodriguez, Jr., contacted defense counsel regarding the submission of Joint Proposed Scheduling Recommendations. Defense counsel declined and stated as follows: Defendants' assert that no discovery should take place until the Court has ruled on Defendants' Motion to Stay and Plaintiff's Motion to Reconsider. Once the motions are decided, Defendants believe discovery will be needed on each element of Plaintiff's remaining causes of action and Defendants' asserted defenses, and that discovery should be completed according to a proposed Scheduling Order that the parties will submit at that time.

RODRIGUEZ TRIAL LAW
231 W. Cypress St.
San Antonio, Texas 78212
(210) 777-5555; Telephone
(210) 224-0533; Telecopy

BY: */S/ FIDEL RODRIGUEZ, JR.*
    FIDEL RODRIGUEZ, JR.
    State Bar No. 17145500
    FIDEL RODRIGUEZ III
    State Bar No. 24081924
    ATTORNEYS FOR PLAINTIFF

LANG LAW FIRM, P.C.
Northwest Atrium
11550 IH-10 West, Ste. 273
San Antonio, Texas 78230
(210) 783-0322; Telephone
(210) 479-0099; Telecopy

BY: */S/ SYLVAN S. LANG, JR.*
    SYLVAN S. *LANG, JR.*
    State Bar No. 11898700
    BRIAN M. DENNIS
    State Bar No. 24039970
    MEAGAN M. GILLETTE
    State Bar No. 24050659
    ATTORNEYS FOR PLAINTIFF

DURHAM, PITTARD & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
(214) 946-8000; Telephone
(214) 946-8433; Telecopy

BY: */S/ THAD D. SPALDING*
THAD D. SPALDING
State Bar No. 00791708
SHELBY J. WHITE
State Bar No. 24084086
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, hereby certify that on July 16, 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court of Texas, using the electronic case filing ("ECF") system of the Court. The following counsel of record were served via electronic service through the ECF system.

Katie E. Payne
State Bar No. 24071347
Federal ID No.: 1786856
E-Mail: kpayne@wabsa.com
D. Craig Wood
State Bar No. 21888700
Federal ID No.: 979301
Email: cwood@wabsa.com
Adriana G. Rodriguez
State Bar No. 24071467
Federal ID No.: 3803186
WALSH GALLEGO KYLE
ROBINSON & ROALSON P.C.
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209
(210) 979-6633; Telephone
(210) 979-7024; Telecopy
ATTORNEYS FOR DEFENDANTS

*/S/ FIDEL RODRIGUEZ, JR.*
FIDEL RODRIGUEZ, JR.