**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARKAY GARCIA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **5:24-CV-01099-JKP-RBF** |
| | § | |
| **NORTHSIDE INDEPENDENT** | § | |
| **SCHOOL DISTRICT, KYLE** | § | |
| **KENNEDY, and JOSEPH GARCIA,** | § | |
| **Defendants.** | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSED MOTION TO STAY**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, Kyle Kennedy and Joseph Garcia, and file this Reply to Plaintiff's Response to Defendants' Opposed Motion to Stay. *ECF No. 24.* For reasons previously stated in Defendants' Motion and reiterated below, the Court should stay the civil case while the parallel criminal case arising from the same incident remains unresolved.

**I. Introduction**

1. The only remaining causes subject to civil discovery are both Officers' alleged violations of Plaintiff's Fourth Amendment right to be free from unreasonable seizure and Officer Kennedy's alleged violation of her Fourth Amendment right to be free from excessive force. *ECF No. 20 at 6-15.* Plaintiff now seeks to resurrect dismissed causes of action by referencing Northside Independent School District's alleged failures or inaction and has since filed a Motion to Reconsider. *ECF* No. *24 at 1 and ECF No. 25.* Defendants will respond to those efforts separately.

2. Defendants bear and meet their burden in overcoming a presumption in favor of discovery as the special circumstances of this case and its parallel criminal proceeding warrant a

stay to avoid substantial and irreparable prejudice. *Id.* In her call for scalpels, not sledgehammers, Plaintiff ignores the extent to which the present causes of action and the pending criminal case are so intertwined that the evidence related to one is the same evidence of the others.

## II. Argument and Authorities

### A. Defendants bear the burden of overcoming a presumption in favor of discovery.

5. Defendants concede there is a presumption that civil and criminal cases proceed together and that it is not unconstitutional to force civil defendants to choose between the negative inferences drawn from their silence in a civil case and their Fifth Amendment privilege. *U.S. ex rel. Gonzalez v. Fresenius Med. Care N.A.*, 571 F. Supp. 2d 758, 761 and 764. (W.D. Tex. 2008). Defendants further concede that as movants, they bear the burden of overcoming a presumption in favor of discovery. *Id.; Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008). The Defendants meet this burden as they have shown that special circumstances exist necessary to preserve a Fifth Amendment right against self-incrimination and resolving conflicts inherent in asserting this right and defending this civil action in the analysis of the six factors below. *See Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016) (quoting *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983); *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 397 (S.D. Tex. 2009).

### B. Kennedy's demonstrated "special circumstances" are sufficient to support a stay of the civil case.

6. In her Response, Plaintiff contends that *both* Kennedy and Garcia are required to demonstrate "special circumstances" that require a stay of the civil case while the criminal case against Kennedy alone is pending. Plaintiff provides no authority for that requirement. Defendants concede these are unique circumstances but asks the Court to apply the six holistic factors outlined in *Bean* to determine whether a civil stay is warranted. In doing so, the Court should absolutely

consider the impact on Garcia, which supports a stay. Defendants focus on Kennedy's criminal proceeding as the primary basis for the stay, but the alleged actions of both Defendants Garcia and Kennedy are so intertwined that staying the proceedings for any period of time for only one Defendant is an infeasible and inefficient proposition for all. Specifically, Plaintiff's own factual allegations are that both Garcia and Kennedy unlawfully seized her by stopping her vehicle, then Kennedy "resorted immediately to deadly force against Plaintiff." *ECF No. 9 at 8-9.* Plaintiff's narrative is that the entire incident, from seizure to force, happened "suddenly," "unexpectedly," "immediately" and "rapidly." *Id.*

7. Plaintiff also reminds the Court that apart from her claim against Kennedy for excessive force, *both* Defendants Kennedy and Garcia subjected her to an "improper and warrantless seizure." *ECF No. 24 at 1*. The alleged conduct involved in the three remaining claims has significant overlap with the criminal case against Kennedy. The nature of the remaining claims does not support a bifurcation of any kind and proceeding this way will lead to an unproductive and resource-intensive discovery process, which Defendants seek to avoid.

**C. A stay is warranted.**

8. First, the overlap between the civil and criminal proceedings, the most important factor in the analysis, is significant. *Bean*, 220 F.Supp.3d at 775-76. Plaintiff concedes that this factor weighs in favor of staying the case, but only for Kennedy. *ECF No. 24 at 4.* Plaintiff cannot reasonably suggest that the court should bifurcate the claims of unreasonable seizure from the claim of excessive force because the nature of the parallel proceedings are so intertwined that neither the discovery nor the case itself should be partitioned in order to proceed.

9. Second, as to the status of the criminal case, while Kennedy's pre-trial conference has been reset by the State District Court six prior times, he is currently scheduled for a Pre-Trial

Conference on August 7, 2025. See *ECF No. 23-1*. Kennedy cannot reasonably predict what will happen in his criminal case, but trial is not necessarily the only next step. Kennedy and his criminal counsel could, hypothetically, consider other alternatives that could significantly narrow the issues in this civil matter. The status of the criminal case favors a stay, even if for a limited period of time, to better understand how the criminal case will proceed and its impact on the civil matter .

10. Third, Plaintiff's private interests do not unilaterally weigh against a stay. In her Reply, aside from the general passage of time, Plaintiff does not specify how a delay in discovery will result in lost evidence or unavailable witnesses. *Navarro v. Gomez*, No. SA-24-CV-00968-XR, 2024 WL 4795682, *3 (W.D. Tex. Nov. 13, 2024). Plaintiff may proceed to gather evidence and conduct her investigation apart from the discovery between the parties. Plaintiff previously indicated she will subpoena the investigation files of the San Antonio Police Department and any Internal Affairs Department. *ECF 10 at 6*. In an effort to reach some common ground in this interim period, Defendants have agreed to produce the video subject to a protective order. *ECF No. 24-1*. However, relevant evidence and testimony will be more available when not impeded by pending criminal proceedings. Contrary to Plaintiff's assertion, Defendant Kennedy does not have an incentive to delay the criminal case as long as possible. *ECF No. 24 at 5.* He does, however, have a significant incentive to resolve the criminal case before moving forward with the civil case. Plaintiff's anticipation of an unjust outcome presumes the case will be stayed indefinitely and does not consider that Plaintiff can seek to lift the stay upon a new development.

12. Fourth, the pendency of the criminal case absolutely burdens both Defendants in their civil matter here. Though the Court could force both civil defendants to proceed with discovery, there will be significant challenges in answering interrogatories, sitting for depositions, and even complying with certain requests for production. As previously explained, the alleged

actions of both Defendants are significantly intertwined, and Garcia will no doubt be impacted by Kennedy's Fifth Amendment privilege and will likely assert his own as a witness in both proceedings.1 The Fifth Amendment "must be accorded liberal construction in favor of the right it was intended to secure." *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).

13. Plaintiff insists there are other means to protect Kennedy's interests and points to Defendants agreement to a protective order as an example. *ECF No. 24. at 6.* A potential agreement regarding a protective order for the release of a single video is not the equivalent of a protective order impacting the entire scope of discovery and both Defendants' ability to effectively navigate their significant interests in both proceedings. *Id. at 5.*

14. The Court's own interests also weigh in favor of granting a stay. Plaintiffs argue that this case has been pending for ten months and that there is no scheduling order entered. In that time, the Court has resolved legitimate disputes in this case while managing its limited resources. Here, final resolution of the criminal case may simplify the issues in the civil proceeding and increase prospects for settlement. However, if the civil case proceeds, the Court will have to rule on specific information requested during the discovery process. Defendants concede the Court has a right to an expeditious conclusion to this controversy, but not at the expense of Defendants' Fifth Amendment Rights.

15. The public's interest also supports a stay. Aside from protecting an individual's Fifth Amendment rights, "[t]he Fifth Circuit has long recognized the public interest in law enforcement as a priority, particularly in the use of excessive deadly force." *See Sec. & Exch.*

---

1 Garcia could hypothetically subject himself to criminal liability if his conduct is as egregious as Plaintiff alleges. That is more likely while Kennedy's criminal proceeding remains unresolved. This is speculation, but Defendants make this point to illustrate the complexity of the proceedings at hand.

*Comm'n. v. Mutuals.com, Inc.,* No. CIV.A.3:03-CV-2912-D, 2004 WL 1629929, at *4 (N.D. Tex. July 20, 2004)(citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962).

## III. Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, for the reasons shown above, Defendants respectfully move the Court to grant their Opposed Motion to Stay pending a resolution of Defendant Kennedy's criminal proceedings in state court. Defendants also pray the Court grant them any and all relief to which they have shown themselves justly entitled.

Respectfully submitted,

By: */s/ Katie E. Payne*

Katie E. Payne
State Bar No. 24071347
Federal ID No.: 1786856
E-Mail: kpayne@wabsa.com
D. Craig Wood
State Bar No. 21888700
Federal ID No.: 979301
Email: cwood@wabsa.com
Adriana G. Rodriguez
State Bar No. 24071467
Federal ID No.:3803186
**WALSH GALLEGOS KYLE ROBINSON & ROALSON P.C.**
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209
Telephone: (210) 979-6633
Facsimile: (210) 979-7024
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 21st day of July 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and caused to be served upon all counsel of record via the CM/ECF system, pursuant to the Federal Rules of Civil Procedure as follows:

Fidel Rodriguez, Jr.
State Bar No. 1714550
Fidel Rodriguez, III
State Bar No. 24081924
**RODRIGUEZ TRIAL LAW**
231 W. Cypress St.
San Antonio, Teas 78212
Telephone: (210) 777-5555
Facsimile: (210) 224-0533

Sylvan S. Lang, Jr.
State Bar No. 11898700
Brian M. Dennis
State Bar No. 24039970
Meagan M. Gillette
State Bar No. 24050659
**LANG LAW FIRM, P.C.**
Northwest Atrium
11550 IH-10 West, Suite 273
San Antonio, Texas 78230
Telephone: (210) 783-0322
Facsimile: (210) 479-0099

Thad D. Spalding
State Bar No. 00791708
Shelby J. White
State Bar No. 24084086
**DURHAM, PITTARD & SPALDING, LLP**
P.O. Box 224626
Dallas, Texas 75222
Telephone: (214) 946-8000
Facsimile: (214) 946-8433

**ATTORNEYS FOR PLAINTIFF**

/s/ *Katie E. Payne*
Katie E. Payne