IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARKAY GARCIA,<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | § | 5:24-CV-01099-JKP-RBF |
| | § | |
| NORTHSIDE INDEPENDENT<br>SCHOOL DISTRICT, KYLE<br>KENNEDY, and JOSEPH GARCIA,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | JURY DEMAND |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANT NORTHSIDE INDEPENDENT SCHOOL DISTRICT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants file this Response in Opposition to Plaintiff's Motion to Reconsider Memorandum Opinion and Order Dismissing Defendant Northside Independent School District and respectfully show the Court as follows:

## I.   SUMMARY OF THE ARGUMENT

1.  Plaintiff Markay Garcia asks the Court to reconsider, in part, its Memorandum Opinion and Order (ECF No. 20) Dismissing Defendant Northside Independent School District, as to the dismissal of her "ratification" theory of municipal liability under 42 U.S.C. § 1983. ECF No. 25. Plaintiff failed to adequately plead this theory of liability despite previously amending her Complaint, abandoned it by failing to address it in her Response to Defendants' Motion to Dismiss, and has now failed to demonstrate that justice requires relief from this Court's Order dismissing such claim. Accordingly, Plaintiff's Motion for Reconsideration should be denied.

## II.   ARGUMENT

**A. Applicable Reconsideration Standard**

2.     Plaintiff invokes Fed. R. Civ. P. 54(b), which applies when a party seeks reconsideration of an interlocutory order. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (recognizing the applicability of Rule 54(b)); *Austin v. Kroger Tex., LP*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam) (clarifying relationship between Rule 54(b) and 59(e)).

3.     Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all of the claims." Through "Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citation and internal quotation marks omitted). "[T]he more flexible Rule 54(b)" standard provides discretion for the courts to reconsider their interlocutory orders. *Id.* at 337. This approach reflects the "inherent power" of the "court to afford such relief from interlocutory judgments as justice requires." *Id.* (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015)).

4.     As long as courts "recognize that they have the discretion to grant reconsideration even in the absence of any such showing," this flexible approach permits them to "require a showing of one of the following factors to justify reconsideration: an intervening change in law; availability of previously unavailable new evidence; or a need to correct a clear legal error or to prevent manifest injustice." *S.L.V. v. Rosen*, No. SA-21-CV-0017-JKP, 2021 WL 243442, at *5 (W.D. Tex. Jan. 25, 2021) (second quote from *Gonzalez ex rel. E.G. v. Bond*, No. 1:16-CV-0068-BL, 2017 WL 3493124, at *7 (N.D. Tex. June 29, 2017) (recommendation of Mag. J.) *adopted by* 2017 WL 3491853 (N.D. Tex. Aug. 14, 2017)). "In many circumstances, the absence of such showing would exhibit no injustice to denying reconsideration." *Guilbeau v. Schlumberger Tech. Corp.,* No. SA-21-CV-0142-JKP-ESC, 2025 WL 1213026, at *2 (W.D. Tex. Apr. 25, 2025), motion to certify appeal granted, No. SA-21-CV-0142-JKP-ESC, 2025 WL 1559612 (W.D. Tex. June 2, 2025). "But in all cases, the critical consideration for

reconsidering an interlocutory order under Rule 54(b) is whether justice requires relief from such order." *Id.*; *see also Austin*, 864 F.3d at 337.

**B. Plaintiff has not shown that she is entitled to reconsideration of her ratification theory of municipal liability against NISD.**

5.  In her Motion for Reconsideration, Plaintiff asserts that (1) she did not abandon her ratification claim and (2) if her ratification theory was insufficiently pled, she should get another opportunity to amend her Complaint. ECF No. 25 at 2. However, Plaintiff did abandon this theory, it was insufficiently pled, she failed to show that this Court should reconsider its order and has further failed to show that she should receive a second opportunity to amend her complaint.

6.  <u>Plaintiff abandoned the ratification theory of municipal liability.</u> As this Court identified, "the portions of Markay Garcia's First Amended Complaint relating to her causes of action asserted against Northside Independent School District ('NISD') resemble a 'shotgun pleading,'" and "such a pleading is properly criticized." ECF No. 17 at 17 (citing *Valadez v. City of San Antonio,* No. 5:21-CV-00002-JKP, 2022 WL 1608016 at *5–8 (W.D. Tex. May 20, 2022)). In this fashion, Plaintiff alleged, "Defendant NISD authorized, approved, permitted, ratified, and tolerated the official policy, or unofficial custom, of using below minimum standards for hiring, re-hiring, screening, supervision, training, disciplinary and/or retention decisions regarding police officers like Defendant [Officer] Kennedy." ECF No. 9 at 16, 17. Specifically, Plaintiff asserted that NISD engaged in ratification by allegedly failing to discipline Kennedy or Garcia. ECF No. 9 at 2, 11, 20.

7.  In compliance with the *Standing Order in Civil Cases Assigned to Judge Jason Pulliam,* (see ECF No. 3*),* Defendants notified Plaintiff of the deficiencies in her Original Complaint regarding her claim of municipal liability against NISD for "among other things, failing to train, supervise, or discipline Officer Kennedy and Officer Garcia." ECF No. 20 at 23. Specifically, Defendants wrote:

> Plaintiff's Original Complaint also fails to state a claim against Defendant Northside ISD, in the first instance because it fails to state a claim for underlying constitutional violation, and also because she has failed to state a claim for municipal liability under either her failure to train/supervise/discipline or unconstitutional hiring theories. Plaintiff's allegations fail to show that an official policy or custom was the moving force behind her alleged constitutional violation, nor that the policymaker for the District adopted such policy or custom with deliberate indifference to Plaintiff's constitutional rights, nor that a causal link exists between the failure to train/supervise or unconstitutional hiring and the alleged violation of her rights.

ECF No. 20 at 23. This Court found that Defendants' notice provided Plaintiff "detailed and explicit notice of the proposed deficiencies." ECF No. 20 at 24.

8.     In response to Defendants' explicit notice of the proposed deficiencies, Plaintiff filed her First Amended Complaint, which Defendants moved to dismiss in its entirety. ECF No. 9, 16. In their Motion to Dismiss, Defendants outlined Plaintiff's failure to state a claim pursuant to her ratification theory, asserting that the theory is only available when a policymaker approves a subordinate's decision *and* the basis for it, is further limited to "extreme factual situations", is not available simply where a policymaker defends conduct that is later shown to be unlawful, must be carefully cabined to prevent it from becoming an improper theory of *respondeat superior* not countenanced by *Monell*, and is not available where a municipality fails to discipline or retrain officers after alleged misconduct. ECF No. 16 at 15-16. In her Response, Plaintiff failed to address these ratification arguments, instead focusing on the alleged lack of discipline as part of her failure to supervise and discipline theory of liability, thus abandoning the ratification claim. *See* ECF No. 17 at 17-18; *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("Her failure to pursue this [retaliatory abandonment] claim beyond her complaint constituted abandonment."). This Court properly identified that Plaintiff had failed to respond to NISD's challenges to her ratification theory of liability—including failing to address *Grandstaff v. City of Borger* and its progeny—and thus determined it "abandoned and it is dismissed. ECF No. 20 at 18 (citing 767 F.2d 161 (5th Cir. 1985); *see Black,* 461 F.3d at 588 n.1.

9.      In her Motion, Plaintiff does not dispute this Court's finding that she failed in her Response to engage with *Grandstaff* and its progeny. ECF No. 25 at 3-5. Instead, she asserts "the Complaint speaks for itself." ECF No. 25 at 4; *but see Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("Her failure to pursue this [retaliatory abandonment] claim beyond her complaint constituted abandonment.") However, in contrast with that statement, Plaintiff then proceeds to engage with *Granstaff*, which she wholly failed to do in her Response to Defendants' Motion to Dismiss. *Compare* ECF No. 25 at 4-5 *and* ECF No. 17. While this Court retains the flexibility available under FRCP 54, nothing in Plaintiff's Motion demonstrates an intervening change in law, availability of previously unavailable new evidence, or a need to correct a clear legal error or to prevent manifest injustice. Instead, Plaintiff's argument appears to be that what she could or should have argued in her Response to Defendants' Motion to Dismiss should entitle her to reconsideration.

10.     <u>Plaintiff failed to state a claim for municipal liability pursuant to the ratification theory of liability.</u> In her First Amended Complaint, Response, and Motion, Plaintiff argues that merely and allegedly failing to discipline Kennedy or Garcia suffices to state a claim against NISD for municipal liability under the ratification theory. ECF No. 9 at 2, 11, 21. According to Plaintiff, "[B]y doing nothing, the NISD ratified the Defendant Officers' conduct." ECF No. 9 at 21. Plaintiff's claim is insufficient in several regards.

11.     In *City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), the Supreme Court provided that if "authorized policymakers approve a subordinate's decision *and the basis for it*, their ratification would be chargeable to the municipality because their decision is final." 485 U.S. at 127, 108 S.Ct. 915 (emphasis added); *see also World Wide St. Preachers Fellowship v. Town of Columbia,* 591 F.3d 747, 755 (5th Cir. 2009). As asserted in Defendants' Motion to Dismiss, the Fifth Circuit has denied that a ratification theory can be stated under the exact type of allegations asserted by Plaintiff here—an alleged failure to discipline or retrain after misconduct. (ECF No. 16 at 16) (citing *Benfer v.*

*City of Baytown, Tex.*, 120 F.4th 1272, 1287 (5th Cir. 2024), cert. denied, 145 S. Ct. 1313, 221 L. Ed. 2d 398 (2025)).

12.  Benfer's complaint averred that "[t]he City of Baytown condoned and ratified the actions of Calvert by failing to discipline or retrain him." *Benfer,* 120 F.4th at 1287. But according to the Fifth Circuit, "ratification requires the approval of a policy maker, not their mere acquiescence, and Benfer has failed to allege any facts even suggesting that any authorized policymaker approved of Calvert's actions." *Id.* Here, as in *Benfer,* Plaintiff has alleged, at most, acquiescence, and not by any authorized policy maker. *See* ECF No. 9. Whether an official has final policymaker authority is a question of state law, and "Texas law is clear that final policymaking authority in an independent school district rests with the district's board of trustees." *Doe v. Edgewood Indep. Sch. Dist.,* 964 F.3d 351, 365 (5th Cir. 2020)(internal citations omitted)(citing *Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993) (citing Tex. Educ. Code § 23.01 (recodified at Tex. Educ. Code § 11.051)); *see also* Tex. Educ. Code § 11.151). Plaintiff alleged no facts fairly attributable to the Board of Trustees to demonstrate either of the requisite elements of (1) approval of the action or (2) approval of the basis for the action. Like *Benfer,* Plaintiff cannot proceed on her unsupported and "apparently novel tactic of merging [her] failure-to-train claim with [her] ratification claim." *Benfer,* 120 F.4th at 1287.

13.  Next, as briefed in Defendants' Motion to Dismiss, the theory of ratification has been limited to "extreme factual situations." *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 848, 2009 WL 3818826, at *7 (5th Cir.2009). Under that precedent, Plaintiff failed to present an extreme factual situation. *Compare Grandstaff v. City of Borger,* 767 F.2d 161 (5th Cir.1985) (finding ratification in case in which officers "poured" gunfire onto a truck and killed its innocent occupant), with *Snyder*, 142 F.3d at 798 (refusing to find ratification in case in which officer shot fleeing suspect in the back). In her Motion, Plaintiff asserts that the requisite "extreme factual scenario" can be found where there is an "obvious

violation of clearly established law," relying on conclusory *dicta* from *World Wide Street Preachers Fellowship v. Town of Columbia,* 591 F.3d 747, 755 (5th Cir. 2009).

14.     First, the *World Wide* case is distinguishable from the alleged facts at issue here, because there the Town had defended an officer's allegedly unconstitutional actions and the basis for those actions in a letter. *Id.* As elucidated above, the alleged facts here, at most, are mere acquiescence rather than a statement of support for the action and their basis. *See* ECF No. 9. Next, Plaintiff would have this Court find that ratification can be shown by acquiescence via failure to discipline or retrain whenever there is an obvious violation of clearly established law. *See* ECF No. 25 at 4-5. Stated another way, Plaintiff asks this Court to impermissibly collapse the carefully cabined elements and extreme factual situations necessary to support ratification into *respondeat superior* liability, long rejected by the Supreme Court in *Monell.*

    **C. Plaintiff should not be granted leave to further amend her Complaint.**

15.     Plaintiff's request for leave to amend her ratification claim begins with the erroneous proposition that this Court has never given her any opportunity to amend to cure any pleading defect, despite being given ample notice of pleading deficiencies and the opportunity to amend under this Court's Standing Order. ECF No. 25 at 5. Leave to amend should not be granted because Plaintiff has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Further, and as found by this Court, Defendants have already provided Plaintiff with notice of the deficiencies in her pleadings, and she amended her Complaint in response. ECF No. 20 at 24.

16.     Plaintiff's motion requests that she be granted leave to amend if her ratification theory was not sufficiently pled. ECf No. 25 at 5. "A formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). However, "[a] bare request in an opposition to a motion to dismiss—without any indication of the particular

grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Id.* (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)). Here, as in her Response, Plaintiff wholly failed to identify the grounds for the proposed amendment, and her bare request should be denied.

17. Although Rule 15 "evinces a bias in favor of granting leave to amend," it is not automatic. *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *United States ex rel. Lin v. Mayfield*, 773 F. App'x 789, 790 (5th Cir. 2019). Pursuant to Rule 15, a "district court must possess a substantial reason to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)(internal citations omitted). These reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962) "[A]n amended complaint is futile 'if the complaint as amended would be subject to dismissal.'" *Rohi v. Brewer* (*In re ABC Dentistry, P.A.*), 978 F.3d 323, 325 (5th Cir. 2020) (quoting *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)). Futility is evaluated "under the same standards as a dismissal under Rule 12(b)(6)." *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 437 (5th Cir. 2021) (citing *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016)).

18. Plaintiff provides this Court with only a bare request to amend her First Amended Complaint if the Court finds that the complaint is insufficiently pled. She does not apprise the Court of the way in which she would further amend her complaint. *See* ECF No. 25. Courts have frequently denied leave to amend on similarly bare requests. *See, e.g.*, *Kovalchuk v. Wilmington Sav. Fund Socy.*, No. 21-40281, 2021 WL 5119705, at *2 (5th Cir. Nov. 3, 2021) (affirming the district court's denial of a request for leave to amend for being insufficiently particular when it asked to amend "any other cause of action which the Court determines should be dismissed"); *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325 (5th

Cir. 2003) (affirming the district court decision to deny leave to amend for being insufficiently particular when the plaintiff asked to "file amended pleadings adding additional plaintiffs and facts as allowed by law").

19.  Finally, it would be futile to allow Plaintiff to further amend her Complaint. Because Plaintiff's claim is prescribed by *Benfer*, as outlined above, it would be subject to dismissal even if more particularly pled. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (affirming that a proposed amendment stating a time-barred claim is futile unless it relates back to the date of the original filing pursuant to Federal Rule of Civil Procedure 15(c)). The Court should therefore deny Plaintiff's request for leave to amend.

### III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants move the Court to deny Plaintiff's Motion for Reconsideration and furthermore grant them any and all relief to which they are justly entitled.

                Respectfully submitted,

By:   /s/ *Katie E. Payne*
Katie E. Payne
State Bar No. 24071347
E-Mail: kpayne@wabsa.com
D. Craig Wood
State Bar No. 21888700
E-Mail: cwood@wabsa.com
Adriana G. Rodriguez
State Bar No. 24071467
E-Mail: arodriguez@wabsa.com

**WALSH GALLEGOS KYLE ROBINSON & ROALSON P.C.**
1020 NE Loop 410, Suite 450
San Antonio, Texas 78209
Telephone: (210) 979-6633
Facsimile: (210) 979-7024

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 28th day of July 2025, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which caused the filing to be served upon all counsel of record.

*/s/ Katie E. Payne*
Katie E. Payne
