UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARKAY GARCIA,**

   *Plaintiff*,

v.                                                Case No. 5:24-CV-01099-JKP

**NORTHSIDE INDEPENDENT
SCHOOL DISTRICT, KYLE KENNE-
DY, JOSEPH GARCIA,**

   *Defendants*.

# O R D E R

Before the Court is Plaintiff Markay Garcia's Motion to Reconsider Memorandum Opinion and Order Dismissing Defendant Northside Independent School District ("Motion"). *ECF No. 25*. Defendants Kyle Kennedy, Joseph Garcia, and Northside Independent School District (collectively, "Defendants") filed a Response. *ECF No. 30*. Upon consideration, Plaintiff Markay Garcia's Motion, (*ECF No. 25*), is granted-in-part and denied-in-part. The Motion is granted to the extent the Court exercises its discretion to provide Markay Garcia's Amended Complaint a subsequent review. The Motion is denied as to Markay Garcia's request for leave to amend.

## BACKGROUND

In her First Amended Complaint, Plaintiff Markay Garcia ("Markay Garcia") asserted a cause of action against Northside Independent School District, alleging municipal liability for, among other things, failing to train, supervise, or discipline Officer Kennedy and Officer Garcia. *ECF No. 9 at 12–23*.

On June 23, 2025, the Court issued its Memorandum Opinion and Order ("Opinion") granting-in-part and denying-in-part Defendants' Motion to Dismiss. *See ECF Nos. 16, 20*. Specifically, in the Opinion, the Court found "because Markay Garcia did not respond to NISD's challenges to her ratification theory of liability—including addressing *Grandstaff v. City of Borger* and its progeny—the Court considers it abandoned and it is dismissed. *ECF No. 20 at 18*.

In the instant Motion, Markay Garcia seeks reconsideration, stating she "did not abandon her ratification claim against NISD" and "should be given at least one opportunity to amend her complaint to address any deficiencies in her ratification claim." *ECF No. 25 at 3–6*.

## LEGAL STANDARD

Rule 54(b) applies when a party seeks reconsideration of an interlocutory order. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (recognizing the applicability of Rule 54(b)); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam) (clarifying relationship between Rule 54(b) and 59(e)).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all of the claims." Through "Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citation and internal quotation marks omitted). Applying "the more flexible Rule 54(b)" standard, provides broader discretion for the courts to reconsider their interlocutory orders. *Id.* at 337. The more flexible approach reflects the "inherent power" of the "court to afford such relief from interlocutory judgments as justice requires." *Id.* (quoting *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015)).

When a court relies "on the wrong rule to deny [a] motion for reconsideration," it abuses its discretion. *Id.* at 336. This is true even when the court cites "to the correct rule," but "incorrectly assume[s] that Rule 59 was sufficiently analogous that its standards apply by analogy." *Int'l Corrugated & Packing Supplies, Inc. v. Lear Corp.*, 694 F. App'x 364, 366 (5th Cir. 2017) (per curiam). Nevertheless, even though Rule 54(b) provides the "means for reconsidering prior interlocutory orders, courts may require a showing of one of the following factors to justify reconsideration: an intervening change in law; availability of previously unavailable new evidence; or a need to correct a clear legal error or to prevent manifest injustice" so long as they recognize that they have the discretion to grant reconsideration even in the absence of any such showing. *E.G. by Gonzalez v. Bond*, No. 1:16-CV-00068, 2017 WL 3493124 (N.D. Tex. June 29, 2017), *R. & R. adopted*, No. 1:16-CV-00068, 2017 WL 3491853 (N.D. Tex. Aug. 14, 2017). The critical consideration is whether justice requires relief from the interlocutory order. *Austin*, 864 F.3d at 337.

## ANALYSIS

I. Ratification Theory of Municipal Liability

In the instant Motion, Markay Garcia states "Plaintiff's factual allegations, together with its legal argument supporting the lack of discipline as a valid theory of ratification, at a minimum demonstrate that Plaintiff did not abandon her ratification theory against NISD." *ECF No. 25 at 4.*

The legal argument Markay Garcia points to in her Response to Defendants' Motion to Dismiss is located under the caption "NISD's failure to supervise and discipline its officers." *See ECF No. 17 at 24.* As such, Markay Garcia did not directly address Defendants' argument "Plaintiff failed to state a claim against Defendant NISD for ratification," found in Defendants'

Motion to Dismiss. *See ECF No. 16 at 15*. This is an example of the lack of clarity and organization related to this cause of action that the Court highlighted in its Opinion. *ECF No. 20 at 17*.

Regardless, in exercising the Court's discretion to provide Markay Garcia's Amended Complaint a subsequent review, her ratification theory of liability still fails.

In *Benfer v. City of Baytown, Texas*, 120 F.4th 1272 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1313 (2025), the Fifth Circuit found a complaint averring that "[t]he City of Baytown condoned and ratified the actions of Calvert by failing to discipline or retrain him" failed to plead sufficient facts for ratification.[1] 120 F.4th at 1287. This is because "ratification requires the approval of a policy maker, not their mere acquiescence." *Id*.

In Markay Garcia's Amended Complaint, her allegations relating to ratification are:

> The NISD has since ratified the Officers' conduct by **refusing to discipline** Kennedy or Garcia for their conduct, even in the face of the criminal indictment of Kennedy.

*ECF No. 9 at 2* (emphasis added).

> Despite this charge and the unlawful conduct of both Officers involved in the encounter with Plaintiff, **neither Officer has ever been disciplined or otherwise reprimanded for their conduct, or even received further training or supervision**, by the NISD. In short, the NISD has **ratified** the Officers conduct, sending a message to all other NISD officers that what these Officers did was appropriate conduct

*Id. at 11* (emphasis added).

> Defendant NISD authorized, approved, permitted, **ratified**, and tolerated the unlawful, willful, deliberate, malicious, reckless, and wanton conduct of Defendants KENNEDY and GARCIA, thus depriving Plaintiff of her constitutional rights. NISD, the NISD Police Department, and/or its final policymaker (or person who was delegated final policymaking authority and/or final decision-making authority) authorized, approved, permitted, **ratified**, and tolerated the custom and practice of the unconstitutional acts committed by Defendants KENNEDY and GARCIA.

---

[1] Defendants cite *Benfer* in their Motion to Dismiss and, in her Response, Markay Garcia does not address it. *See ECF Nos. 16, 17*.

4

*Id.* at 16 (emphasis added).

>Defendant NISD authorized, approved, permitted, **ratified**, and tolerated the official policy, or unofficial custom, of using below minimum standards for hiring, re-hiring, screening, supervision, training, disciplinary and/or retention decisions regarding police officers like Defendant KENNEDY.

*Id.* at 17 (emphasis added).

>Defendant NISD then **ratified** Defendants KENNEDY and GARCIA's conduct **by failing or refusing to discipline these officers or even provide them additional training**. Both officers remain employed by Defendant NISD today, even after one of them (Defendant KENNEDY) was criminally indicted for his conduct in this case. The NISD's after-the-fact **ratification** shows that the NISD supported these unconstitutional actions at the time they occurred.

*Id.* at 20 (emphasis added).

>When the NISD **failed and refused to discipline** the Officers for their clearly established constitutional violations, it approved of and **ratified** that conduct, which itself establishes a custom of the NISD.

*Id.* at 20 (emphasis added).

>By doing nothing, the NISD **ratified** the Defendant Officers' conduct.

*Id.* at 21 (emphasis added).

Ratification can suffice for *Monell* liability only if a final policymaker "approves a subordinate's decision *and the basis for it.*" *Benfer*, 120 F.4th at 1287 (emphasis in original) (quoting *Allen v. Hays*, 65 F.4th 736, 749 n.10 (5th Cir. 2023)). Here, Markay Garcia's Amended Complaint fails to demonstrate that NISD ratified the actions of Officer Kennedy or Officer Garcia. Failing to allege facts that rise above the level of mere acquiescence by NISD, Markay Garcia's ratification argument fails. *E.g.*, *Kellen Allison Cattle Co., LLC v. City of Shamrock*, No. 2:24-CV-00241, 2025 WL 1287738, at *4–5 (N.D. Tex. May 2, 2025). The Court finds Markay Garcia's failure to address Defendants' argument relating to *Benfer* is further indicia of abandonment of this claim.

5

## II. Leave to Amend

In the instant Motion, Markay Garcia states "[t]his Court has never given Plaintiff any opportunity to amend to cure any pleading defect." *ECF No. 25 at 5.*

The Court's *Standing Order in Civil Cases Assigned to Judge Jason Pulliam*, (*see ECF No. 3*), states "[t]o advance the case efficiently and minimize the cost of litigation, the Court will provide parties an opportunity to amend their pleadings once before considering a Federal Rule of 12(b)(6) Motion to Dismiss." "Under this practice, the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss. Consequently, if the Court finds any Motion to Dismiss has merit, the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss." *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002))

Markay Garcia does not dispute both parties complied with the Court's *Standing Order*. *See ECF Nos. 7, 17-1*. Regarding her cause of action against Northside Independent School District, alleging municipal liability for, among other things, failing to train, supervise, or discipline Officer Kennedy and Officer Garcia, Defendants wrote in an email to Markay Garcia prior to filing their Motion to Dismiss:

> Plaintiff's Original Complaint also fails to state a claim against Defendant Northside ISD, in the first instance because it fails to state a claim for underlying constitutional violation, and also because she has failed to state a claim for municipal liability under either her failure to train/supervise/discipline or unconstitutional hiring theories. Plaintiff's allegations fail to show that an official policy or custom was the moving force behind her alleged constitutional violation, nor that the policymaker for the District adopted such policy or custom with deliberate indifference to Plaintiff's constitutional rights, nor that a causal link exists between the failure to train/supervise or unconstitutional hiring and the alleged violation of her rights.

*Id. at 3*. As the Court found in its Opinion, Defendants' email provided Markay Garcia detailed and explicit notice of the proposed deficiencies related to her municipal liability cause of action.

Accordingly, Markay Garcia will not be allowed an additional opportunity to amend her Amended Complaint on her municipal liability cause of action.

## CONCLUSION

For the reasons stated, Plaintiff Markay Garcia's Motion, (*ECF No. 25*), is granted-in-part and denied-in-part. The Motion is granted to the extent the Court exercises its discretion to provide Markay Garcia's Amended Complaint a subsequent review. The Motion is denied as to Markay Garcia's request for leave to amend.

It is so ORDERED.
SIGNED this 22nd day of October, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE